Hearing Date: January 20, 2016 at 2:00 p.m. ET

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | |
| PRIMORSK INTERNATIONAL SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10073 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | |
| | : | |
| BOUSSOL SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10074 (MG) |
| | : | |
| Debtor. | : | EIN 98-0636402 |
| | : | |
| In re | : | |
| | : | |
| MALTHUS NAVIGATION LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10075 (MG) |
| | : | |
| Debtor. | : | EIN 98-0636401 |

SC1:4025919.1

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| JIXANDRA SHIPPING LIMITED, | : | |
| | : | Case No. 16-10076 (MG) |
| | : | |
| | : | EIN 98-1056168 |
| Debtor. | : | |
| | x | |
| In re | : | |
| | : | |
| LEVASER NAVIGATION LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10077 (MG) |
| | : | |
| Debtor. | : | EIN 98-0660605 |
| | x | |
| In re | : | |
| | : | |
| HERMINE SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10078 (MG) |
| | : | |
| Debtor. | : | EIN 98-0660596 |
| | x | |
| In re | : | |
| | : | |
| LAPEROUSE SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10079 (MG) |
| | : | |
| Debtor. | : | EIN 98-0660603 |
| | x | |
| In re | : | |
| | : | |
| PRYLOTINA SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10080 (MG) |
| | : | |
| Debtor. | : | EIN 98-1056085 |
| | x | |

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| BAIKAL SHIPPING LTD, | : | |
| | : | Case No. 16-10081 (MG) |
| | : | |
| | : | EIN 98-1056592 |
| Debtor. | : | |
| | x | |
| In re | : | |
| | : | |
| VOSTOK NAVIGATION LTD, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10082 (MG) |
| | : | |
| Debtor. | : | EIN 98-1111745 |
| | x | |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Primorsk International Shipping Limited ("Primorsk"), and certain of its affiliated debtors and debtors-in-possession (each a "Debtor Subsidiary" and together the "Debtor Subsidiaries" and together with Primorsk each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' related chapter 11 cases. In support of this Motion, the Debtors rely upon the *Declaration of Holly Felder Etlin Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions and Applications* (the "First Day Affidavit") filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

-3-

**Background**

1. Primorsk, an international shipping company incorporated in Cyprus, engages in oil transportation using modern ice classed double-hulled product tankers and crude oil tankers. Primorsk was established in 2004 and is currently a leading shipping tanker company undertaking specialist operations in ice navigation. Primorsk is the direct parent company of and owns 100% of the equity of each of the Debtor Subsidiaries.

2. The Debtors and their non-Debtor affiliates provide global shipping transportation services to customers in the oil sector through the operation of a fleet of nine wholly-owned vessels operated by the Debtor Subsidiaries. They charter these vessels to a range of established leading companies and seek to develop and maintain long-term relationships through the provision of safe, reliable and quality transportation services.

3. On January 15, 2016 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases.

4. Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the First Day Affidavit.

**Jurisdiction**

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

**Relief Requested**

6.  By this Motion, the Debtors request entry of the Proposed Order authorizing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Primorsk and that these cases be administered under the consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| PRIMORSK INTERNATIONAL SHIPPING LIMITED, *et al.*,[1] | : | Case No. 16-10073 (MG) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

7.  The Debtors further request that an entry be made on the docket of each of the Debtors' cases, other than Primorsk, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Primorsk International Shipping Limited and its direct subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Primorsk International Shipping Limited, Case No. 16-10073 (MG) and such docket should be consulted for all matters affecting this chapter 11 case.

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

SC1:4025919.1

8.      Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), on a consolidated basis.

### Basis for Relief

9.      Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code.  Primorks owns 100% of equity of each of the other Debtors:  (i) Boussoul Shipping Limited, (ii) Malthus Navigation Limited, (iii) Jixandra Shipping Limited, (iv) Levaser Navigation Limited, (v) Hermine Shipping Limited, (vi) Laperouse Shipping Limited, (vii) Prylotina Shipping Limited, (viii) Baikal Shipping Ltd and (ix) Vostok Navigation Ltd.  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

10.     Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors.  Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates.  Granting the requested relief will promote the fair and efficient administration of these chapter 11 cases.

11.     Section 105 of the Bankruptcy Code also provides this Court with the power to order joint administration of these chapter 11 cases.  Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  *See* 11 U.S.C. § 105(a).

12. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful. In addition, the Debtors' financial affairs and business operations are interrelated. Joint administration will therefore ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases. Joint administration permits the clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Doing so also protects creditors' rights by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in each of the other related cases.

13. Finally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. Thus, individual creditors' rights will not be harmed by the relief requested; rather, constituents will benefit from the cost reductions joint administration will achieve. In addition, joint administration enables stakeholders to more readily apprise the various parties-in-interest of the matters before the Court. It also relieves the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the U.S. Trustee's supervision and administrative duties relating to these chapter 11 cases.

14. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this jurisdiction, without controversy, under similar circumstances. *See, e.g.*, *In re*

*Global Maritime Investments Cyprus Limited, et al.*, Case No. 15-12552 (SMB) (Bankr. S.D.N.Y. Sept. 21, 2015); *In re Nautilus Holdings Limited, et al.*, Case No. 14-22885 (RDD) (Bankr. June 25, 2014); *In re Genco Shipping & Trading Limited, et al.*, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. April 23, 2014); *In re Excel Maritime Carriers Ltd., et al.*, Case No. 13-23060 (RDD) (July 3, 2013); *In re TBS Shipping Services, Inc., et al*., Case No. 12-22224 (RDD) (Feb. 8, 2012).

15.     Accordingly, the Debtors respectfully submit that joint administration, for procedural purposes only, is in the best interest of the Debtors, their creditors and other parties-in-interest.

**Notice**

16.     No creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:  (a) the U.S. Trustee; (b) counsel to the agents of the Debtors' prepetition secured lenders; (c) counsel to the agent and ad hoc group of the Debtors' prepetition bondholders and (d) the parties identified on the Debtors' consolidated list of thirty (30) largest unsecured creditors.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

17.     No prior motion for the relief requested herein has been made to this or any other Court.

## **Conclusion**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:  January 17, 2016    */s/ Andrew G. Dietderich*
       New York, New York    Andrew G. Dietderich
                                       Brian D. Glueckstein
                                       Alexa J. Kranzley
                                       SULLIVAN & CROMWELL LLP
                                       125 Broad Street
                                       New York, New York  10004
                                       Telephone:    (212) 558-4000
                                       Facsimile:      (212) 558-3588
                                       E-mail:           dietdericha@sullcrom.com
                                                               glueckseinb@sullcrom.com
                                                               kranzleya@sullcrom.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――― x
In re                                            :
                                                 :
PRIMORSK INTERNATIONAL SHIPPING  :       Chapter 11
LIMITED,                                         :
                                                 :       Case No. 16-10073 (MG)
                                                 :
                                                 :
                              Debtor.            :
―――――――――――――――――――――――― :
                                                 x
In re                                            :
                                                 :
BOUSSOL SHIPPING LIMITED,                        :       Chapter 11
                                                 :
                                                 :       Case No. 16-10074 (MG)
                                                 :
                              Debtor.            :       EIN 98-0636402
―――――――――――――――――――――――― x
In re                                            :
                                                 :
MALTHUS NAVIGATION LIMITED,                      :       Chapter 11
                                                 :
                                                 :       Case No. 16-10075 (MG)
                                                 :
                              Debtor.            :       EIN 98-0636401
―――――――――――――――――――――――― x
In re                                            :
                                                 :
JIXANDRA SHIPPING LIMITED,                       :       Chapter 11
                                                 :
                                                 :       Case No. 16-10076 (MG)
                                                 :
                              Debtor.            :       EIN 98-1056168
―――――――――――――――――――――――― x
In re                                            :
                                                 :
LEVASER NAVIGATION LIMITED,                      :       Chapter 11
                                                 :
                                                 :       Case No. 16-10077 (MG)
                                                 :
                              Debtor.            :       EIN 98-0660605
―――――――――――――――――――――――― x

|  |  |  |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| HERMINE SHIPPING LIMITED, | : | |
| | : | Case No. 16-10078 (MG) |
| | : | |
| | : | EIN 98-0660596 |
| Debtor. | : | |
| | x | |
| In re | : | |
| | : | |
| LAPEROUSE SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10079 (MG) |
| | : | |
| Debtor. | : | EIN 98-0660603 |
| | x | |
| In re | : | |
| | : | |
| PRYLOTINA SHIPPING LIMITED, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10080 (MG) |
| | : | |
| Debtor. | : | EIN 98-1056085 |
| | x | |
| In re | : | |
| | : | |
| BAIKAL SHIPPING LTD, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10081 (MG) |
| | : | |
| Debtor. | : | EIN 98-1056592 |
| | x | |
| In re | : | |
| | : | |
| VOSTOK NAVIGATION LTD, | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10082 (MG) |
| | : | |
| Debtor. | : | EIN 98-1111745 |
| | x | |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF
THE DEBTORS' CHAPTER 11 CASES**

Upon the Motion[1] of Primorsk International Shipping Limited, and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), for entry of an order (this "Order") authorizing the joint administration of the Debtors' related chapter 11 cases; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of this Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), the above-captioned chapter 11 cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. 16-10073 (MG).

3. The consolidated caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>PRIMORSK INTERNATIONAL SHIPPING LIMITED, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-10073 (MG)<br><br>(Jointly Administered) |

4. A docket entry shall be made in each of the Debtors' chapter 11 cases, other than the docket maintained for the chapter 11 case of Primorsk, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Primorsk International Shipping Limited and its direct subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Primorsk International Shipping Limited, Case No. 16-10073 (MG) and such docket should be consulted for all matters affecting this chapter 11 case.

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

5. One consolidated docket, one file and one consolidated service list shall be maintained by Primorsk and kept by the clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

6. The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, on a consolidated basis.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these chapter 11 cases.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: January __, 2016
      New York, New York

Martin Glenn
United States Bankruptcy Judge