Hearing Date:  January 20, 2016 at 2:00 p.m. ET

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| PRIMORSK INTERNATIONAL SHIPPING LIMITED, *et al.*,[1] | Case No. 16-10073 (MG) |
| Debtors. | Joint Administration Pending |

**NOTICE OF FILING OF REVISED PROPOSED INTERIM ORDER
AUTHORIZING, BUT NOT DIRECTING THE DEBTORS TO (A) PAY CERTAIN
PREPETITION WAGES, (B) PAY AND HONOR CREW BENEFITS AND
OTHER PROGRAMS AND (C) CONTINUE CREW OBLIGATIONS**

   **PLEASE TAKE NOTICE** that on January 17, 2016, Primorsk International

Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the

"Debtors"), filed the Debtors' *Motion for Interim and Final Orders Authorizing the Debtors to*

---

[1]  The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy",  Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra",  Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

SC1:4027316.2

*(A) Pay Certain Prepetition Wages, (B) Pay and Honor Crew Benefits and Other Programs and (C) Continue Crew Obligations* (the "<u>Motion</u>")[2] [Docket No. 11].

        **PLEASE TAKE FURTHER NOTICE** that the Debtors have revised the proposed Interim Order following discussion with the Office of the United States Trustee for the Southern District of New York. The revised proposed Interim Order is attached hereto as <u>Exhibit 1</u>. For ease of reference, a copy of the revised proposed Interim Order marked against the original proposed Interim Order, filed as <u>Exhibit A</u> to the Motion, is attached hereto as <u>Exhibit 2</u>.

| | |
|---|---|
| Dated: January 20, 2016<br>New York, New York | */s/ Andrew G. Dietderich*<br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>Alexa J. Kranzley<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone:  (212) 558-4000<br>Facsimile:   (212) 558-3588<br>Email:         dietdericha@sullcrom.com<br>                  gluecksteinb@sullcrom.com<br>                  kranzleya@sullcrom.com<br><br>*Proposed Counsel to the Debtors and Debtors-in-Possession* |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

# EXHIBIT 1

## Revised Proposed Interim Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                         : Chapter 11
                                                              :
PRIMORSK INTERNATIONAL SHIPPING               : Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                                         :
                                                              :
                           Debtors.                           : Joint Administration Pending
                                                              :
---------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING,
THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES,
(B) PAY AND HONOR CREW BENEFITS AND OTHER
PROGRAMS AND (C) CONTINUE CREW OBLIGATIONS**

Upon the Motion[2] of Primorsk International Shipping Limited ("Primorsk"), and its affiliated debtors and debtors-in-possession (each a "Debtor," and collectively, the "Debtors"), for the entry of an interim order (the "Order"), pursuant to sections 105(a), 363(b) and 507(a)(3) and (a)(4) of the Bankruptcy Code, authorizing, but not directing, the Debtors to pay and honor (a) certain prepetition wages, (b) obligations relating to benefits, union memberships and other programs and (c) their crew obligations on a postpetition basis, and authorizing, but not directing, all financial institutions to honor all related payment requests; it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

requested therein has been provided in accordance with the Bankruptcy Rules and Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and honor all prepetition obligations associated with the Crew Obligations and to continue the Crew Obligations in the ordinary course of business.

3. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Crew Obligations.

4. In accordance with this Order, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized, but not directed, to (a) receive, process, honor and pay all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to

which wires, automated clearing house transfers or other transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such wires or transfers are dated prior to, on or subsequent to the Petition Date, and have no duty to inquire otherwise and shall be without liability for following the Debtors' instructions.

5. Subject to the requested relief sought in the Final Order, the Debtors are authorized, but not directed, to modify, change and discontinue any of the Crew Obligations, to implement new Crew Obligations and to continue to provide compensation to their Crew in the ordinary course of business, each to the extent permitted by applicable law, during these chapter 11 cases in their sole discretion without the need for further Court approval.

6. The deadline by which objections to the Motion or the Order must be filed and served is **[_____], 2016 at 4:00 p.m. (Eastern Time)**. A final hearing, if required, on the Motion will be held on [_____], 2016 at [____] _.m. (prevailing Eastern time). If no objections are filed to the Motion, this Court may grant the relief requested in the Motion on a final basis without further notice or hearing.

7. Nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for prepetition compensation or benefits to the Crew.

8. Nothing in this Order shall impair the Debtors' ability to contest the validity or amount of any Crew claim to be paid hereby.

9. Nothing contained herein shall be deemed a waiver of, a determination related to or an authorization to take any action under any provision set forth in section 503(c) of the Bankruptcy Code.

10. The requirements set forth in Local Rule 9013-1(b) are satisfied.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: January __, 2016
      New York, New York

Martin Glenn
United States Bankruptcy Judge

# EXHIBIT 2

# Blackline of Proposed Interim Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
──────────────────────────────────────── x
                                         :
In re                                    :   Chapter 11
                                         :
                                         :
PRIMORSK INTERNATIONAL SHIPPING          :   Case No. 16-10073 (MG)
LIMITED, et al.,[1]                      :
                                         :
                                         :   Joint Administration Pending
                 Debtors.                :
                                         :
──────────────────────────────────────── x
```

**INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING,**
**THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES,**
**(B) PAY AND HONOR CREW BENEFITS AND OTHER**
**PROGRAMS AND (C) CONTINUE CREW OBLIGATIONS**

Upon the Motion[2] of Primorsk International Shipping Limited ("Primorsk"), and its affiliated debtors and debtors-in-possession (each a "Debtor," and collectively, the "Debtors"), for the entry of an interim order (the "Order"), pursuant to sections 105(a), 363(b) and 507(a)(3) and (a)(4) of the Bankruptcy Code, authorizing, but not directing, the Debtors to pay and honor (a) certain prepetition wages, (b) obligations relating to benefits, union memberships and other programs and (c) their crew obligations on a postpetition basis, and authorizing, but not directing, all financial institutions to honor all related payment requests; it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that ~~venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that~~ this matter is a core

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

       IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay and honor all prepetition obligations associated with the Crew Obligations and to continue the Crew Obligations in the ordinary course of business.

3.      The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Crew Obligations.

4.      In accordance with this Order, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized, but not directed, to (a) receive, process, honor and pay all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to

which wires, automated clearing house transfers or other transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such wires or transfers are dated prior to, on or subsequent to the Petition Date, and have no duty to inquire otherwise and shall be without liability for following the Debtors' instructions.

5.  Subject to the requested relief sought in the Final Order, the Debtors are authorized, but not directed, to modify, change and discontinue any of the Crew Obligations, to implement new Crew Obligations and to continue to provide compensation to their Crew in the ordinary course of business, each to the extent permitted by applicable law, during these chapter 11 cases in their sole discretion without the need for further Court approval.

6.  The deadline by which objections to the Motion or the Order must be filed and served is **[_____], 2016 at 4:00 p.m. (Eastern Time)**.  A final hearing, if required, on the Motion will be held on [_____], 2016 at [____] _.m. (prevailing Eastern time).  If no objections are filed to the Motion, this Court may grant the relief requested in the Motion on a final basis without further notice or hearing.

7.  Nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for prepetition compensation or benefits to the Crew.

8.  Nothing in this Order shall impair the Debtors' ability to contest the validity or amount of any Crew claim to be paid hereby.

9.  Nothing contained herein shall be deemed a waiver of, a determination related to or an authorization to take any action under any provision set forth in section 503(c) of the Bankruptcy Code.

10. The requirements set forth in Local Rule 9013-1(b) are satisfied.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: January __, 2016
      New York, New York

               Martin Glenn
               United States Bankruptcy Judge