**Proposed Hearing Date: April 20, 2016 at 10:00 a.m. (Eastern Time)**
**Proposed Objection Deadline: April 13, 2016 at 4:00 p.m. (Eastern Time)**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x
                                                    :
In re                                               :        Chapter 11
                                                    :
                                                    :
PRIMORSK INTERNATIONAL SHIPPING                     :        Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                               :
                                                    :        Jointly Administered
                                                    :
                            Debtors.                :
                                                    :
——————————————————————x

**NOTICE OF DEBTORS' MOTION FOR AN ORDER (I) APPROVING THE
DISCLOSURE STATEMENT; (II) ESTABLISHING A VOTING RECORD DATE FOR
THE PLAN; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES
FOR THE DISTRIBUTION THEREOF; (IV) APPROVING THE FORMS OF
BALLOTS; (V) ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;
(VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
THE CONFIRMATION OF THE PLAN; AND (VII) ESTABLISHING NOTICE AND
OBJECTION PROCEDURES FOR THE ASSUMPTION AND REJECTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE PLAN**

        **PLEASE TAKE NOTICE** that on the date hereof, Primorsk International

Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification
       numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) –
       m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping
       Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco
       Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited
       (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena",
       Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t
       "Zaliv Vostok".

"Debtors") filed the *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan"), the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"), and the *Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Establishing a Voting Record Date for the Plan; (III) Approving Solicitation Packages and Procedures for the Distribution Thereof; (IV) Approving the Forms of Ballots; (V) Establishing Procedures for Voting on the Plan; (VI) Establishing Notice and Objection Procedures for the Confirmation of the Plan; and (VII) Establishing Notice and Objection Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases Under the Plan* (the "Motion"). The Debtors have requested that a hearing to consider the Motion be held before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York (the "Court") at One Bowling Green, New York, NY 10004, on **April 20, 2016 at 10:00 a.m. (ET)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have requested that responses or objections, if any, to the relief requested in the Motion, including any objection to the adequacy of the Disclosure Statement, be required to be filed electronically with the Court on the docket of *In re Primorsk International Shipping Limited, et al.*, Case No. 16-10073 (MG), in accordance with rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York, and be required to be served upon each of the following in accordance with the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] entered in these chapter 11 cases: (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY

10004; (b) the Debtors and their counsel and (c) the Office of the United States Trustee for the

Southern District of New York, so as to be actually received no later than **April 13, 2016 at 4:00

p.m. (ET)**.

    **PLEASE TAKE FURTHER NOTICE** that the date and time of the Hearing to

consider the Motion, and the deadline for responses or objections to the Motion, will be

determined by the Court, and may differ from the dates and times requested by the Debtors.

Parties-in-interest will receive separate notice from the Debtors of the Hearing and objection

deadline once established by the Court.

    **PLEASE TAKE FURTHER NOTICE** that only those objections that are timely

filed, served and received will be considered at the Hearing.  Failure to file a timely objection

may result in the entry of a final order granting the relief requested in the Motion without further

notice.  Failure to attend the Hearing in person or by counsel may result in relief being granted or

denied upon default.  In the event that no objection to the Motion is timely filed and served, the

relief requested in the Motion may be granted without a hearing before the Court.

    **PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure

Statement and the Motion may be obtained for a nominal fee from the Court's website,

https://ecf.nysb.uscourts.gov, or obtained free of charge by accessing the website of the Debtors'

claims and noticing agent, https://www.kccllc.net/primorsk.

SC1:4034711.4

Dated:    March 15, 2016
            New York, New York

/s/ Andrew G. Dietderich

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
Email:        dietdericha@sullcrom.com
              gluecksteinb@sullcrom.com
              kranzleya@sullcrom.com

*Counsel to the Debtors and
Debtors-in-Possession*

SC1:4034711.4

**Proposed Hearing Date: April 20, 2016 at 10:00 a.m. (Eastern Time)**
**Proposed Objection Deadline: April 13, 2016 at 4:00 p.m. (Eastern Time)**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                                          :
In re                                                  :          Chapter 11
                                                          :
                                                          :          Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING        :
LIMITED, *et al.*,[1]                               :          Jointly Administered
                                                          :
                              Debtors.           :
                                                          :
———————————————————— x

**DEBTORS' MOTION FOR AN ORDER (I) APPROVING THE DISCLOSURE**
**STATEMENT; (II) ESTABLISHING A VOTING RECORD DATE FOR THE PLAN;**
**(III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR THE**
**DISTRIBUTION THEREOF; (IV) APPROVING THE FORMS OF BALLOTS;**
**(V) ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;**
**(VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR**
**THE CONFIRMATION OF THE PLAN; AND (VII) ESTABLISHING NOTICE AND**
**OBJECTION PROCEDURES FOR THE ASSUMPTION AND REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE PLAN**

Primorsk International Shipping Limited ("Primorsk"), and certain of its affiliated

debtors and debtors-in-possession (together with Primorsk, the "Debtors"), hereby submit this

---

[1]     The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification
        numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) –
        m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping
        Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco
        Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited
        (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena",
        Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t
        "Zaliv Vostok".

motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Solicitation Procedures Order"), pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1, 3018-1 and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") (i) approving the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"); (ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan");[2] (iii) approving solicitation packages and procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to the confirmation of the Plan; and (vii) establishing notice and objection procedures for the assumption and rejection of Executory Contracts and Unexpired Leases pursuant to the Plan. In support of the Motion, the Debtors respectfully state as follows:

## Background

1.      Primorsk, an international shipping company incorporated in Cyprus, engages in oil transportation using modern ice classed double-hulled product tankers and crude oil tankers. Primorsk was established in 2004 and is currently a leading shipping tanker company undertaking specialist operations in ice navigation. Primorsk is the direct parent company of and owns 100% of the equity of each of the other Debtors.

---

[2]     Capitalized terms used but not defined in this Motion shall have the meaning ascribed to them in the Plan.

SC1:4034711.4

2.       The Debtors and their non-Debtor affiliates provide global shipping

transportation services to customers in the oil sector through the operation of a fleet of nine

wholly owned vessels operated by the Debtor Subsidiaries.  They charter these vessels to a range

of established leading companies and seek to develop and maintain long-term relationships

through the provision of safe, reliable and quality transportation services.

3.       On January 15, 2016 (the "Petition Date"), each of the Debtors filed with

the Court a voluntary petition for relief under the Bankruptcy Code.  Each Debtor continues to

operate its business and manage its properties as a debtor-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases was

authorized by the Court by entry of an order on January 21, 2016.  No creditors' committee,

trustee or examiner has been appointed in these chapter 11 cases.

4.       Additional factual background relating to the Debtors' businesses and the

commencement of these chapter 11 cases is set forth in detail in the *Declaration of Holly Felder

Etlin Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New

York in Support of First Day Motions and Applications* [Docket No. 2].

### Facts Specific to the Relief Requested

5.       Having undertaken significant efforts since the Petition Date to maintain

their ordinary course operations, the Debtors now seek the relief requested in this Motion in

order to expeditiously implement the reorganization of their businesses pursuant to the Plan.  On

the date hereof, the Debtors filed the Plan and Disclosure Statement.  The Debtors have

requested that the Court consider the Disclosure Statement, the Debtors' proposed procedures for

soliciting votes to accept or reject the Plan, and the other relief requested in this Motion, at a

hearing (the "Disclosure Statement Hearing") on **April 20, 2016 at 10:00 a.m. (ET)**.  The

Debtors have also requested that the deadline for objections to the Disclosure Statement,

3

including objections as to the adequacy of information provided in the Disclosure Statement (the "Disclosure Statement Objection Deadline"), be **April 13, 2016 at 4:00 p.m. (ET)**.[3]

### Jurisdiction

6.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 1125 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rules 2002-1, 3018-1 and 3020-1.

### Relief Requested

7.    By this Motion, the Debtors seek entry of the Solicitation Procedures Order (a) approving the Disclosure Statement as providing "adequate information" for purposes of soliciting votes on the Plan as required by section 1125(b) of the Bankruptcy Code, (b) approving the Debtors' proposed forms, schedule and procedures relating to the solicitation and tabulation of votes on the Plan, (c) scheduling a hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") and approving the Debtors' proposed notice and objection procedures relating thereto and (d) approving the Debtors' proposed notice and objection procedures relating to the assumption and rejection of Executory Contracts and Unexpired Leases.

---

[3]    Once the Court establishes the date of the Disclosure Statement Hearing and the Disclosure Statement Objection Deadline, the Debtors will provide notice, in accordance with the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] (the "Case Management Order"), of the date, time and place of the Disclosure Statement Hearing, the Disclosure Statement Objection Deadline and the applicable procedures for filing objections to the Disclosure Statement to:  (a) all known creditors; (b) all equity security holders; (c) the Internal Revenue Service and (d) all parties on the Debtors' Master Service List (as defined in the Case Management Order).  In accordance with Bankruptcy Rule 3017(a), the Plan and the Disclosure Statement will be served by first-class mail on the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) and all parties who have requested a copy of the Plan or the Disclosure Statement.  The Debtors have also made the Plan and Disclosure Statement available on the website of their claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), and to parties upon request.

8.      The summary below lists the Debtors' proposed key deadlines and events

in connection with confirmation of the Plan:

| Event / Deadline | Date | Reference |
|---|---|---|
| Disclosure Statement Objection Deadline | **April 13, 2016 at 4:00 p.m. (ET)** | ¶ 5 |
| Disclosure Statement Hearing | **April 20, 2016 at 10:00 a.m. (ET)** | ¶ 5 |
| Voting Record Date | **April 29, 2016 at 4:00 p.m. (ET)** | ¶ 13 |
| Solicitation Mailing Deadline | **May 9, 2016** | ¶ 16 |
| Deadline to Seek Claim Expungement, Reclassification or Allowance in Reduced Amount for Voting Purposes | **May 11, 2016 at 4:00 p.m. (ET)** | ¶ 31(g) |
| Rule 3018(a) Motion Deadline | **May 25, 2016 at 4:00 p.m. (ET)** | ¶ 31(h) |
| Plan Supplement Filing Deadline | **June 8, 2016** | ¶ 41 |
| Voting Deadline | **June 15, 2016 at 8:00 p.m. (ET)** | ¶ 28 |
| Deadline to File Cure Schedule | **June 20, 2016 at 4:00 p.m. (ET)** | ¶ 44(a) |
| Confirmation Objection Deadline | **July 1, 2016 at 4:00 p.m. (ET)** | ¶ 40 |
| Deadline to File Voting Report | **July 1, 2016** | ¶ 36 |
| Proposed Confirmation Hearing | **July 20, 2016 at 10:00 a.m. (ET)** (or as soon thereafter as the Court's calendar permits) | ¶ 36 |

## Basis for Relief

## I.      Approval of the Disclosure Statement

9.      Under section 1125(b) of the Bankruptcy Code, votes to accept or reject a

chapter 11 plan of reorganization may not be solicited from holders of claims or interests unless

such holders of claims or interests have been provided, at or before the time of such solicitation,

with a written disclosure statement approved by the bankruptcy court that contains "adequate

information" regarding the debtor's plan of reorganization.  As defined in section 1125(a)(1) of

the Bankruptcy Code, "adequate information" means:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan.

SC1:4034711.4

11 U.S.C. § 1125(a)(1).  The Bankruptcy Code obliges a debtor to "engage in full and fair disclosure" by providing adequate information through a disclosure statement, as well as throughout its reorganization generally.  *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994).  Whether the "adequate information" standard is met in any given case, however, "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties."  *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (internal citation omitted).  Courts are vested with broad discretion in determining whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.  *See Kirk* v. *Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)."); *see also In re PC Liquidation Corp*., 383 B.R. 856, 865 (E.D.N.Y. 2008) ("what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis . . . with the determination being largely within the discretion of the bankruptcy court").

      10.    The Debtors respectfully submit that the Disclosure Statement contains information of a kind, and in sufficient detail, to allow all parties-in-interest to make informed judgments about the Plan and, if applicable, to cast an informed vote to accept or reject the Plan. The Disclosure Statement includes substantial information regarding, among other things: (a) the Debtors' corporate history, assets, liabilities and business operations; (b) the circumstances of the Debtors' decision to commence these chapter 11 cases; (c) significant events during these chapter 11 cases; (d) the classification and treatment of Claims and Equity Interests under the Plan; (e) the material terms of the Plan, including provisions for its implementation; (f) the ownership, business plan and capital structure of the Reorganized

SC1:4034711.4

Debtors; (g) the Reorganized Debtors' projected financial performance and other financial

information; and (h) certain risk factors relating to the Plan.  Accordingly, the Debtors

respectfully submit that, under the circumstances of these chapter 11 cases, the Disclosure

Statement provides "adequate information" for purposes of section 1125(b) of the Bankruptcy

Code, complies with the other requirements of section 1125 of the Bankruptcy Code, and should

be approved by the Court for purposes of solicitation of votes on the Plan.

## II.    Modifications to the Disclosure Statement, the Plan and Other Documents Prior to Solicitation

11.    The Debtors request that the Court authorize the Debtors to modify the

Disclosure Statement, the Plan and the Ballots (as defined below) and other related documents

approved pursuant to the Solicitation Procedures Order, without further order of the Court, at any

time before the Debtors distribute the Solicitation Package (as defined below), <u>provided</u> that such

modifications are not material as determined by the Debtors in good faith.  The Debtors will file

a notice of any such modification with the Court, together with a marked version reflecting such

modification.

## III.    Establishment of Voting Record Date

12.    Bankruptcy Rule 3017(d) provides that upon approval of a disclosure

statement, except to the extent that the court orders otherwise, the debtor must provide all

creditors or equity security holders with copies of the plan of reorganization, the disclosure

statement, notice of the voting deadline and such other information as the court may direct.  The

creditors and equity security holders to be solicited for votes on the plan are determined as of the

approval of the disclosure statement, "or another date fixed by the court, for cause, after notice

and a hearing."  Fed. R. Bankr. P. 3017(d), 3018(a).

SC1:4034711.4

13.    The Debtors request that the Court establish **April 29, 2016 at 4:00 p.m.**

**(Eastern Time)** as the record date (the "Voting Record Date") for purposes of determining:

(a) the Holders of Claims and Equity Interests entitled to receive a Solicitation Package; (b) the

Holders of Claims and Equity Interests entitled to vote on the Plan; and (c) whether Claims or

Equity Interests have been transferred properly to an assignee pursuant to Bankruptcy Rule

3001(e), such that the assignee can vote as the Holder of such Claim.  The Voting Record Date

coincides with the Debtors' proposed general bar date for the filing of proofs of claim in these

chapter 11 cases.  Establishing a Voting Record Date on the Debtors' general bar date will entitle

parties that file a proof of claim after approval of the Disclosure Statement, but on or before the

general bar date, to vote the applicable Claims.  Accordingly, the Debtors submit that sufficient

cause exists under Bankruptcy Rules 3017(d) and 3018(a) to establish a Voting Record Date

after the approval of the Disclosure Statement.

14.    To avoid any confusion resulting from claims trading activity, the Debtors

further request that the Holder of a Claim entitled to vote on the Plan be determined by reference

to the Claims Register as may be modified by such notices of transfer as have been filed with the

Court as of the Voting Record Date.

**IV.    Approval of Solicitation Packages, Distribution Procedures and Notices of Non-Voting Status**

    A.    Approval of Solicitation Packages and Distribution Procedures

15.    Bankruptcy Rule 3017(d) requires that certain materials be provided to

holders of claims and equity interests for the purpose of soliciting votes and providing adequate

notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement,—except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders—the debtor in
> possession, trustee, proponent of the plan, or clerk as the court

8

orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

    (1)    the plan or a court-approved summary of the plan;

    (2)    the disclosure statement approved by the court;

    (3)    notice of the time within which acceptances and rejections of such plan may be filed; and

    (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).  In accordance with these requirements, the Debtors propose the

following distribution procedures (the "Distribution Procedures").

    16.    On or before **May 9, 2016** (the "Solicitation Mailing Deadline"), the

Debtors will cause KCC to distribute a solicitation package to each Holder of a Claim or an

Equity Interest entitled to vote on the Plan (other than Norwegian Bond Claims, discussed

below), containing the following materials (collectively, the "Solicitation Package"):

    a.    a cover letter, substantially in the form attached hereto as Exhibit B: (i) describing the contents of the Solicitation Package, the contents of the enclosed CD-ROM and instructions for obtaining hard copies of materials provided on CD-ROM, and (ii) informing the Holders of the Debtors' recommendation to accept the Plan;

    b.    a notice of the date and time of the Confirmation Hearing, and the objection deadline with respect thereto, substantially in the form attached hereto as Exhibit C (the "Confirmation Hearing Notice");

    c.    an appropriate Ballot, together with a pre-addressed, postage prepaid return envelope for submitting such Ballot;

    d.    the Disclosure Statement (together with all exhibits thereto, including the Plan and all exhibits to the Plan) in electronic format on a CD-ROM;

SC1:4034711.4

    e.   the entered Solicitation Procedures Order (without exhibits) in electronic format on a CD-ROM; and

    f.   such other materials as the Court may direct.

17.    Distribution of the Plan, the Disclosure Statement, and the Solicitation Procedures Order by CD-ROM rather than printed form will result in significant monetary savings to the Debtors' estates.  The Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies:  (a) through the Debtors' restructuring website at www.kccllc.net/primorsk or (b) in writing to:  Primorsk Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

18.    To avoid duplication and to further reduce expenses, the Debtors further propose:  (i) that creditors or who have filed duplicate proofs of claim which are classified under the Plan in the same Class (as defined in the Plan), whether against the same Debtor or multiple Debtors, receive only one Solicitation Package for voting the relevant Claim with respect to such Class; and (ii) that no Solicitation Packages be distributed to (a) Holders of Claims that have been paid in full (provided that each such Holder shall be served with a copy of the Confirmation Hearing Notice) or (b) any person to whom the Debtors have mailed a notice of the Disclosure Statement Hearing, which notice has been returned as undeliverable.

19.    The Debtors respectfully submit that where delivery of notice to a party's address has already been attempted unsuccessfully, distributing further materials to that address would be unnecessarily wasteful.  The Debtors therefore request that the requirements of Bankruptcy Rule 3017(d) (and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules) be waived to the extent necessary to excuse the Debtors from distributing

SC1:4034711.4

Solicitation Packages to any such address except to the extent the Debtors are provided with

accurate addresses for the applicable parties prior to the Solicitation Mailing Deadline.

20.     Bankruptcy Rule 3017(e) contemplates the distribution of solicitation

materials to beneficial holders of stocks, bonds, debentures, notes and other securities.  With

respect to Holders of the Norwegian Bond Claims entitled to vote on the Plan, the Debtors will

instruct KCC to transmit an electronic copy of the Solicitation Package to Nordea Securities

Services ("Nordea Securities"), as custodian for the bonds issued pursuant to the Norwegian

Bond Indenture, for delivery to the record holders of such Norwegian Bond Claims, including

representatives such as brokers, banks, other agents or nominees on behalf of beneficial holders

of Norwegian Bond Claims (collectively, the "Voting Nominees").  The Voting Nominees will

forward the Solicitation Package, including individual ballots in substantially the form attached

hereto as Exhibit F-5 (each, a "Beneficial Ballot"), to beneficial holders of Norwegian Bond

Claims as of the Voting Record Date (the "Beneficial Holders") who hold Norwegian Bond

Claims through such Voting Nominees.

21.     Each Voting Nominee will summarize the individual votes of the

Beneficial Holders, as indicated on Beneficial Ballots received from such Beneficial Holders, on

a master ballot in substantially the form attached hereto as Exhibit F-4 (the "Master Ballot"), and

return such Master Ballot to KCC so that it is actually received on or before the Voting Deadline

(as defined below).  Each Voting Nominee will instruct Nordea Securities to disclose such

Voting Nominee's Voting Record Date holdings of Norwegian Bond Claims to KCC.  The

Debtors propose that the distribution of Solicitation Packages to Beneficial Holders of

Norwegian Bond Claims be deemed good, adequate, and sufficient if the Solicitation Package is

delivered by electronic mail to Nordea Securities on or before the Solicitation Mailing Deadline.

SC1:4034711.4

22.    Procedures similar to the Debtors' proposed Distribution Procedures have been approved in numerous other chapter 11 cases before this Court. *See*, *e.g.*, *In re Advance Watch Company Ltd.*, No. 15-12690 (MG) (Bankr. S.D.N.Y. Dec. 16, 2015); *In re Nautilus Holdings Limited*, No. 14-22885 (RDD) (Bankr. S.D.N.Y. Dec. 3, 2014); *In re Excel Maritime Carriers Ltd.*, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2013).  The Debtors submit that the proposed Distribution Procedures described herein properly balance the need for administrative economy and the rights of Beneficial Holders to vote on the Plan, are otherwise reasonable and appropriate under the circumstances of these chapter 11 cases and should therefore be approved by the Court.

B.    <u>Approval of Notices of Non-Voting Status</u>

23.    Bankruptcy Rule 3017(d) provides that:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

24.    Holders of Claims in Classes 1 and 2 are Unimpaired under the Plan and are deemed to accept the Plan under section 1126(f) of the Bankruptcy Code.  Accordingly, consistent with Bankruptcy Rule 3017(d), the Debtors do not intend to solicit these creditors' votes on the Plan.  In lieu of a Solicitation Package, the Debtors propose to serve on such non-voting creditors, on or before the Solicitation Mailing Deadline:  (a) a Confirmation Hearing Notice and (b) a notice of non-voting status, substantially in the form attached hereto as <u>Exhibit D</u> (the "<u>Unimpaired Creditor Notice</u>"), in each case by electronic service where possible.

12

The Unimpaired Creditor Notice will provide that the applicable Class is designated as

Unimpaired and will include instructions for viewing or obtaining a copy of the Plan and

Disclosure Statement, as required by Bankruptcy Rule 3017(d).

25.      The Debtors submit that the proposed service of the Confirmation Hearing

Notice and Unimpaired Creditor Notice to Holders of Claims and interests not entitled to vote on

the Plan satisfies the requirements of Bankruptcy Rule 3017(d), and therefore request that such

notice be approved by the Court.

**V.     Approval of Forms of Ballots and Voting and Tabulation Procedures**

      A.     <u>Approval of Forms of Ballots and Distribution of Beneficial Ballots</u>

26.      Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall

be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity

security holder or an authorized agent, and conform to the appropriate Official Form."  Fed. R.

Bankr. P. 3018(c).  Accordingly, the Debtors have prepared ballots for voting on the Plan,

substantially in the form attached hereto as <u>Exhibit F</u> (the "<u>Ballots</u>").  Each Ballot is based on

Official Bankruptcy Form No. 314, with appropriate modifications to address the specific terms

of the Plan.  The Debtors submit that the Ballots have been prepared based on the appropriate

official form and, if properly completed and submitted, will comply with the other requirements

of Bankruptcy Rule 3018(c), and should be approved by the Court.

      B.     <u>Establishment of Voting Deadline</u>

27.      Bankruptcy Rule 3017(c) provides that, on or before approval of a

disclosure statement, the court must fix a time within which the holders of claims and equity

interests may vote to accept or reject a plan.  *See* Fed R. Bankr. P. 3017(c).

28.      The Debtors accordingly request that all Holders of Claims and Equity

Interests entitled to vote on the Plan (other than Beneficial Holders of Norwegian Bond Claims

as described above) be required to return their Ballots by (a) first-class mail, (b) overnight courier or (c) hand delivery so that they are actually received by the KCC on or before **June 15, 2016 at 8:00 p.m. Eastern Time**) (the "Voting Deadline").

29.     The proposed Voting Deadline will allow Holders of Claims and Equity Interests entitled to vote on the Plan with more than one month after the Solicitation Mailing Deadline to review the solicitation materials and make an informed decision to vote on the Plan. The Debtors therefore submit that the Voting Deadline is reasonable and appropriate, and should be approved by the Court.

C.     Approval of Voting and Tabulation Procedures

30.     Section 1126(c) of the Bankruptcy Code governs the requirements for the acceptance of a plan of reorganization by a class of impaired claims, and provides that:

> [a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . that have accepted or rejected such plan.

11 U.S.C. § 1126(c). The Debtors propose to use the following procedures for voting on the Plan and tabulating Ballots for purposes of section 1126(c) of the Bankruptcy Code (the "Voting and Tabulation Procedures").

1.     Establishment of Claim or Equity Interest Amounts for Voting Purposes

31.     The Debtors propose the following procedures for determining the amounts of Claims or Equity Interests solely for purposes of voting to on the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim or Equity Interest:

a.     Subject to subparagraphs (b)-(h) below, each Holder of a Claim who has timely filed a proof of claim and is entitled to vote on the Plan may vote the face amount of such Claim as set forth on the relevant proof of claim as of the Voting Record Date.

14

b.  A Claim that is scheduled in the Debtors' Schedules (<u>provided</u> that such Claim is not scheduled as contingent, unliquidated, disputed, undetermined, or in a $0.00 amount) and with respect to which no proof of claim has been filed, shall be deemed allowed, solely for purposes of voting, in the amount set forth in the Schedules.

c.  Claims scheduled as contingent, unliquidated, disputed, undetermined in amount, or in a $0.00 amount, for which no proof of claim has been filed, shall not be entitled to vote.

d.  Proofs of claim filed for $0.00 shall not be entitled to vote.

e.  If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount.

f.  Timely-filed proofs of claim that are filed in their entirety as contingent, unliquidated, undetermined and/or disputed shall vote in the amount of $1.00.

g.  The Debtors must file, and serve by overnight or electronic mail, any motion or Claim objection requesting that a Claim be expunged, reclassified or allowed in a reduced amount for voting purposes on or before **May 11, 2016 at 4:00 p.m. (Eastern Time)**.  Any such Claim shall be expunged, reclassified or allowed in a reduced amount as requested by the Debtors, unless otherwise determined by the Court.

h.  Holders of Claims or Equity Interests must file and serve any motion to allow a Claim or Equity Interest in a specified amount for voting purposes, or to reclassify a Claim or Equity Interest (a "<u>Rule 3018(a) Motion</u>") on or before **May 25, 2016 at 4:00 p.m. (Eastern Time)** (the "<u>Rule 3018(a) Motion Deadline</u>").  Any such Claim or Equity Interest shall be counted in the amount estimated or allowed by the Court or in such other amount as agreed by the Debtors and the Holder of such Claims or Equity Interest.  The Debtors will provide each party that timely files a Rule 3018(a) Motion with an appropriate provisional Ballot and a pre-addressed, postage prepaid return envelope within two business days after the Rule 3018(a) Motion Deadline.  All Rule 3018(a) Motions must:  (i) be in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state the basis and the specific grounds therefor, (v) be heard at the Confirmation Hearing and (vi) be filed with the Court, together with proof of service thereof, and served upon and received by the Notice Parties (as defined below) no later than the Rule 3018(a) Motion Deadline.

i.  Objections to any Rule 3018(a) Motion must be filed on or before **June 1, 2016 at 4:00 p.m. (Eastern Time)**.  KCC shall inform the Court at or

SC1:4034711.4

prior to the Confirmation Hearing whether counting the applicable provisional Ballot would affect the outcome of voting on the Plan. The tabulation of each provisional Ballot shall be determined by order of the Court.

32.    The Debtors respectfully submit that the foregoing procedures provide Holders of Claims and Equity Interests in these chapter 11 cases with appropriate time to seek allowance or reclassification of Claims or Equity Interests for voting purposes, accommodate the Debtors' need to proceed to confirmation of their Plan without delay and ensure timely and accurate tabulation of Ballots, and should be approved by the Court.

2.    Establishment of Tabulation Procedures

33.    The Debtors propose to use the following voting procedures and standard assumptions in tabulating Ballots:

a.    Votes Not Counted. The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

i.    any Ballot received by KCC after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

ii.    any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim or Equity Interest;

iii.    any Ballot cast by a person or entity that (A) does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

iv.    any Ballot sent to the Debtors or the Debtors' financial or legal advisors, agents or representatives (other than KCC);

v.    any unsigned Ballot;

vi.    any Ballot not received in its executed, original form;

vii.    any Ballot that is received by KCC by facsimile or other means of electronic transmission; or

        viii.  any Ballot not marked to accept or reject the Plan or marked both
to accept and reject the Plan.

b.  <u>Multiple Ballots</u>.  If multiple Ballots are received from the same Holder
with respect to the same Claim or Equity Interest prior to the Voting
Deadline, the latest dated Ballot received by the Voting Deadline shall be
counted for voting purposes, subject to contrary order of the Court;
<u>provided</u>, <u>however</u>, that where ambiguity exists with respect to which
Ballot was the latest dated, KCC has the right to determine the appropriate
tabulation of such Ballot and to contact the respective Holder to determine
such Holder's intent in connection therewith.

c.  <u>No Vote Splitting</u>.  All Claims and Equity Interests must be voted in their
entirety to either accept or reject the Plan.

d.  <u>Ballots Signed by Representative</u>.  If a Ballot is signed by a trustee,
executor, administrator, guardian, attorney in fact or other person acting in
a fiduciary or representative capacity, such person shall be required to
indicate such capacity when signing the Ballot.  The Debtors may request
proper evidence of such representative's authority to sign the Ballot.

e.  <u>Defective Ballots</u>.  Subject to contrary order of the Court, the Debtors
may, in their sole discretion, waive any defects or irregularities as to any
particular Ballot at any time (including the timeliness of the submission of
a Ballot), either before or after the Voting Deadline; <u>provided</u>, <u>however</u>,
that:

    i.  any such waivers shall be documented in the voting reports
completed by KCC;

    ii.  neither the Debtors, nor any other person or entity, will be under
any duty to provide notification of such defects or irregularities
other than as provided in the voting reports prepared by KCC,
nor will any of them incur any liability for failure to provide such
notification; and

    iii.  unless waived by the Debtors, subject to contrary order of the
Court, any defects or irregularities associated with the delivery of
Ballots must be cured prior to the Voting Deadline or such
Ballots will <u>not</u> be counted.

f.  <u>Lack of Good Faith Designation</u>.  In the event a designation of lack of
good faith is requested by a party-in-interest under section 1126(e) of the
Bankruptcy Code, the Court will determine whether any vote to accept or
reject the Plan will be counted for purposes of determining whether the
Plan has been accepted or rejected by the applicable person or entity.

34.     The Debtors submit that the procedures described above will allow votes on the Plan to be tabulated in a reasonable and appropriate manner, are consistent with section 1126(c) of the Bankruptcy Code and should be approved by the Court.

**VI.     Establishment of Notice and Objection Procedures for Confirmation of the Plan**

A.     <u>Establishment of the Confirmation Hearing Date and Voting Report Deadline</u>

35.     Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  Local Rule 3018-1 further requires that, at least seven days prior to the hearing on confirmation of a chapter 11 plan, the proponent of a plan shall certify to the court in writing the amount and number of allowed claims or allowed interests of each class accepting or rejecting the plan (the "<u>Voting Report</u>").

36.     The Debtors propose to file the Voting Report, based on the proposed schedule, no later than **July 1, 2016**.  In accordance with section 1128 of the Bankruptcy Code, the Debtors further request that the Court schedule a hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") on **July 20, 2016 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as the Court's schedule permits.  The Confirmation Hearing may be adjourned by the Court or the Debtors without further notice other than by announcement in open court and/or notice(s) of adjournment filed on the docket with the Court's permission.

37.     The Debtors submit that the proposed scheduling of the Confirmation Hearing and the filing of the Voting Report is in accordance with section 1128(a) of the Bankruptcy Code and Local Rule 3018-1, will enable the Debtors to pursue confirmation of the Plan in a timely fashion, is reasonable and appropriate and should be approved by the Court.

B.    Establishment of Procedures and Form of Notice of the Confirmation Hearing and
       Confirmation Objection Deadline

38.    Bankruptcy Rules 2002(b) and 3017(d) require no less than 28 days'

notice to all holders of claims and equity interests of the time fixed for filing objections to the

confirmation of a chapter 11 plan.   Pursuant to Bankruptcy Rule 3020(b)(1), objections to

confirmation of a plan must be filed and served "within a time fixed by the court."   Local Rule

3020-1 further provides that, unless the court orders otherwise, objections to confirmation of a

chapter 11 plan shall be filed no later than seven days prior to the first date set for the

confirmation hearing.

39.    Accordingly, on or before the Solicitation Mailing Deadline and

simultaneously with the distribution of the Solicitation Packages as described herein, the Debtors

propose to serve the Confirmation Hearing Notice on (a) the U.S. Trustee; (b) all known

creditors; (c) all equity security holders; (d) the Internal Revenue Service; (e) counsel to the

agent for the Debtors' prepetition secured lenders, White & Case LLP, 1155 Avenue of the

Americas, New York, New York 10036 (Attn: Scott Greissman); (f) counsel to the agent for the

Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New

York, New York 10036 (Attn: Richard Stern); (g) counsel to the agent for and the ad hoc group

of the Debtors' prepetition bondholders, Shearman & Sterling LLP, 599 Lexington Avenue, New

York, New York 10022 (Attn: Douglas Bartner); (h) the parties identified on the Debtors'

consolidated list of 30 largest unsecured creditors; and (i) all parties who have filed a notice of

appearance and request for service of documents pursuant to the Case Management Order, in

each case only to the extent such parties have not otherwise been served with the Confirmation

Hearing Notice pursuant to the Solicitation Procedures Order.

SC1:4034711.4

40.     The Debtors further propose to establish **July 1, 2016 at 4:00 p.m.**

**(Eastern Time)** as the deadline to object to confirmation of the Plan (the "Confirmation

Objection Deadline").  The proposed Confirmation Objection Deadline complies with Local

Rule 3020-1 by requiring objections to be filed more than seven days before the Confirmation

Hearing.  The Debtors' proposed service of the Confirmation Hearing Notice will also ensure

that all such parties receive more than 28 days' notice of the Confirmation Objection Deadline,

as required by Bankruptcy Rules 2002(b) and 3017(d).

41.     The proposed Confirmation Hearing Notice includes, among other things:

(a) instructions for viewing or obtaining copies of the Disclosure Statement, the Plan and other

exhibits thereto, the Solicitation Procedures Order and all other materials in the Solicitation

Package (excluding Ballots) from KCC and/or the Court's website, (b) notice of the date by

which the Debtors will file the Plan Supplement,[4] (c) the Confirmation Objection Deadline and

procedures for objecting to the confirmation of the Plan and (d) the date and time of the

Confirmation Hearing.

42.     In accordance with Bankruptcy Rule 3020(b), the Debtors propose that

any objection to confirmation of the Plan must:  (a) be in writing, (b) comply with the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (c) set forth the name of the

objector, the nature and amount of Claims or Equity Interests held or asserted by the objector

---

[4]     The Plan Supplement(s) will be filed by the Debtors no later than **June 8, 2016** (the "Plan Supplement Filing
Deadline").  On or before the Plan Supplement Filing Deadline, the Debtors propose to serve notice of the filing
of the Plan Supplement in substantially the form annexed hereto as Exhibit E (the "Plan Supplement Notice")
on:  (a) the U.S. Trustee; (b) counsel to the agent for the Debtors' prepetition secured lenders, White & Case
LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman); (c) counsel to the
agent for the Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New York,
New York 10036 (Attn: Richard Stern); (d) counsel to the agent for and the ad hoc group of the Debtors'
prepetition bondholders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn:
Douglas Bartner); (e) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors;
(f) all parties who have filed a notice of appearance and request for service of documents pursuant to the Case
Management Order and (g) those parties receiving the Solicitation Package.

SC1:4034711.4

against the particular Debtor or Debtors, (d) state the basis and the specific grounds therefor and

(e) be filed with the Court, together with proof of service thereof, and served upon and received

by each of the following (collectively, the "Notice Parties") no later than the Confirmation

Objection Deadline: (i) the Chambers of the Honorable Martin Glenn, United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

(ii) the Debtors and their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and

Brian Glueckstein, 125 Broad Street, New York, New York 10004); and (iii) the U.S. Trustee,

201 Varick Street, Suite 1006, New York, New York 10014.[5]

43.    The Debtors submit that the proposed Confirmation Objection Deadline,

Confirmation Hearing Notice and related notice and objection procedures will ensure appropriate

notice of the Confirmation Hearing and Confirmation Objection Deadline as required by

Bankruptcy Rules 2002(b) and 3017(d), and are reasonable and appropriate and should be

approved by the Court pursuant to Bankruptcy Rule 3020(b).

**VII.    Establishment of Notice and Objection Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases Under the Plan**

A.    Establishment of Notice and Objection Procedures for Assumption of Executory Contracts and Unexpired Leases and Fixing of Cure Amounts

44.    Assuming Executory Contracts and Unexpired Leases and establishing the

cure amounts to be paid in satisfaction of the outstanding obligations upon such assumption are

important elements of Plan confirmation. To aid the implementation of the Plan, the Debtors

seek to establish the following notice and objection assumption procedures:

a.    No later than **June 20, 2016 at 4:00 p.m. (Eastern Time)**, the Debtors shall file a schedule (the "Cure Schedule") setting forth the proposed cure amounts (the "Cure Amounts"), if any, for each Executory Contract and Unexpired Lease to be assumed as of the Effective Date (each, a

---

[5]    A hard copy of any such objection must be delivered via first-class mail to the U.S. Trustee by the Confirmation Objection Deadline.

"Proposed Assumed Contract") and serve a notice of assumption and cure amount, substantially in the form attached hereto as Exhibit G (the "Cure Notice") on each Proposed Assumed Contract counterparty. Objections to the proposed assumption of the Proposed Assumed Contract, the Cure Amounts, the ability of the applicable Reorganized Debtor to provide adequate assurance of future performance or any other matter pertaining to the proposed assumption must be filed by the Confirmation Objection Deadline. Any such counterparty that fails to do so by the Confirmation Objection Deadline shall be forever barred, estopped and enjoined from disputing such assumption and such Cure Amounts (including a Cure Amount of $0.00) and/or asserting any claim against the applicable Debtor or Reorganized Debtor under section 365(b)(1) of the Bankruptcy Code.

b.   If no objections are received by the Confirmation Objection Deadline, the assumption of such Proposed Assumed Contract shall be deemed authorized and the proposed Cure Amounts shall be binding for all purposes.

c.   In the event of a dispute regarding (i) the Cure Amounts; (ii) the ability of the applicable Reorganized Debtor to provide adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code under the applicable Proposed Assumed Contract; or (iii) any other matter pertaining to the proposed assumption, the proposed Cure Amounts shall be made following the entry of a final order of the Court resolving such dispute and approving the assumption of such Proposed Assumed Contract (which may be before or after the Effective Date). To the extent such a dispute relates solely to the Cure Amounts, the applicable Debtor may assume the applicable Proposed Assumed Contract prior to the resolution of such dispute provided that such Debtor reserves cash in an amount sufficient to pay the Cure Amounts. To the extent any dispute is resolved or determined against the applicable Debtor or Reorganized Debtor, as applicable, such Debtor or Reorganized Debtor, as applicable, may reject the applicable Proposed Assumed Contract, and such counterparty may file a proof of claim as described below in Part VII.B.

45.     The Debtors submit that the foregoing procedures will facilitate the

resolution of any issues concerning the proposed assumption of the Proposed Assumed Contracts

and the Cure Amounts, while adequately protecting the rights of the counterparties to the

Proposed Assumed Contracts, and should therefore be approved by the Court.

B.    <u>Establishment of Notice and Objection Procedures for Rejection of Executory
Contracts and Unexpired Leases</u>

46.    Finally, the Debtors request that the Court establish a deadline by which

counterparties to Executory Contracts and Unexpired Leases rejected by the Debtors pursuant to

section 365 of the Bankruptcy Code must file proofs of claim relating to such rejection, and

related notice and objection procedures as follows:

   a.   The Plan Supplement shall include a schedule of Executory Contracts and
        Unexpired Leases to be rejected.  The Debtors shall serve notice of the
        filing of any such schedule or of any motion to reject any Executory
        Contract or Unexpired Lease on each applicable counterparty.  Objections
        to such rejection must be filed within 10 days of the filing of the Plan
        Supplement or rejection motion.  Any order authorizing the rejection of
        such Executory Contract or Unexpired Lease, including, but not limited to,
        the order confirming the Plan, shall be served by the Debtors on each
        applicable counterparty.

   b.   Any counterparty to an Executory Contract or Unexpired Lease that fails
        to timely object to the proposed rejection of such Executory Contract or
        Unexpired Lease will be deemed to have consented to such rejection, and
        entry of the order confirming the Plan shall constitute approval of the
        rejection under such Executory Contract or Unexpired Lease pursuant to
        sections 365 and 1123 of the Bankruptcy Code.

   c.   All proofs of claim arising from or relating to the rejection of an
        Executory Contract or Unexpired Lease pursuant to the Plan must be filed
        within 30 days of the Effective Date, <u>provided</u> that, with respect to any
        Executory Contract or Unexpired Lease rejected as a result of a disputed
        assumption or cure amount, proofs of claim must be filed within 30 days
        of the entry of an order authorizing such rejection.  Failure to timely file a
        proof of claim arising from or relating to the rejection of an Executory
        Contract or Unexpired Lease will result in any such claim being
        automatically disallowed, forever barred from assertion, and such claim
        shall not be enforceable against the Debtors, the Reorganized Debtors or
        any of their property.  Any allowed claim arising from the rejection of an
        Executory Contract or Unexpired Lease shall be classified as a General
        Unsecured Claim for purposes of the Plan.

47.    The Debtors respectfully submit that the proposed procedures with respect

to rejected Executory Contracts and Unexpired Leases will provide sufficient notice of any

proposed rejection, and will provide sufficient time for any counterparty to file proofs of claim in

SC1:4034711.4

connection with such rejection.  Accordingly, the Debtors submit that the proposed procedures

are reasonable and appropriate and should be approved by the Court.

## **Notice**

48.     No creditors' committee, trustee, or examiner has been appointed in these

chapter 11 cases.  Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel

to the agent for the Debtors' prepetition secured lenders; (c) counsel to the agent for the Debtors'

prepetition swap lenders; (d) counsel to the agent for and ad hoc group of the Debtors'

prepetition bondholders; (e) the parties identified on the Debtors' consolidated list of 30 largest

unsecured creditors and (f) all parties requesting notice in these chapter 11 cases pursuant to

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be provided.

## **No Prior Request**

49.     No prior motion for the relief sought herein has been made to this or any

other court.

SC1:4034711.4

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Solicitation Procedures Order substantially in the form attached

hereto as <u>Exhibit A</u> and (b) grant such other or further relief as is just and proper.


Dated:  March 15, 2016          */s/ Andrew G. Dietderich*
        New York, New York      Andrew G. Dietderich
                                Brian D. Glueckstein
                                Alexa J. Kranzley
                                SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, New York  10004
                                Telephone:    (212) 558-4000
                                Facsimile:    (212) 558-3588
                                Email:        dietdericha@sullcrom.com
                                              gluecksteinb@sullcrom.com
                                              kranzleya@sullcrom.com

                                *Counsel to the Debtors and*
                                *Debtors-in-Possession*

SC1:4034711.4

# Exhibit List

| | |
|---|---|
| Exhibit A | Solicitation Procedures Order |
| Exhibit B | Solicitation Package Cover Letter |
| Exhibit C | Confirmation Hearing Notice |
| Exhibit D | Unimpaired Creditor Notice |
| Exhibit E | Plan Supplement Notice |
| Exhibit F | Ballots |
| | F-1    Senior Secured Claims Ballot |
| | F-2    Junior Secured Claims Ballot |
| | F-3    Swap Secured Claims Ballot |
| | F-4    Norwegian Bond Claims (Master Ballot) |
| | F-5    Norwegian Bond Claims (Beneficial Ballot) |
| | F-6    General Unsecured Claims Ballot |
| | F-7    Equity Interests Ballot |
| Exhibit G | Cure Notice |

## **EXHIBIT A**

**Solicitation Procedures Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re                                                    Chapter 11

PRIMORSK INTERNATIONAL SHIPPING              Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]
                                                    Jointly Administered

                                  Debtors.

———————————————————— x

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING A VOTING RECORD DATE FOR THE PLAN; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR THE DISTRIBUTION THEREOF; (IV) APPROVING THE FORMS OF BALLOTS; (V) ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN; AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION AND REJECTION OF <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE PLAN</u>

Upon the Motion[2] of Primorsk International Shipping Limited, and its affiliated

debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), for

entry of an order (this "<u>Order</u>"), pursuant to section 1125 of the Bankruptcy Code, Bankruptcy

Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1, 3018-1 and 3020-1, (i) approving the

*Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the*

*Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>");

(ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of*

*Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be

---

[1]   The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2]   Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

amended, modified or supplemented, the "Plan"); (iii) approving solicitation packages and

procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing

procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to

the confirmation of the Plan; and (vii) establishing notice and objection procedures for the

assumption and rejection of Executory Contracts and Unexpired Leases under the Plan; this

Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and

venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and

this Court having found that proper and adequate notice of the Motion and the relief requested

therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, the

*Administrative Order Establishing Case Management Procedures* [Docket No. 71] (the "Case

Management Order") and the *Order (I) Scheduling a Hearing to Consider Approval of

Disclosure Statement; (II) Fixing Time for Filing Objections Thereto and (III) Approving the

Form and Manner of Notice Related Thereto* [Docket No. ___] and that, except as otherwise

ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion

having been withdrawn or overruled on the merits; and a hearing having been held to consider

the relief requested in the Motion (the "Disclosure Statement Hearing"); and upon the record of

the Disclosure Statement Hearing and all of the proceedings had before this Court; and this Court

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

2

SC1:4034711.4

1.      <u>Disclosure Statement</u>.  The Disclosure Statement (together with the exhibits thereto) provides Holders of Claims and Equity Interests entitled to vote on the Plan with adequate information in accordance with section 1125(b) of the Bankruptcy Code and otherwise complies with the applicable requirements of section 1125 of the Bankruptcy Code.

2.      <u>Solicitation and Confirmation Schedule</u>.  The Debtors' proposed schedule and procedures relating to solicitation of votes on the Plan and confirmation of the Plan, as set forth herein, provides parties-in-interest with sufficient time to review and consider all solicitation materials, including the Plan, the Disclosure Statement, the Plan Supplement, and other information and materials relating to confirmation of the Plan, provides Holders of Claims and Equity Interests with sufficient time, prior to the Confirmation Hearing, to make an informed judgment to accept or reject the Plan, and provides all parties-in-interest in these chapter 11 cases with sufficient time to object to confirmation of the Plan.

3.      <u>Ballots and Voting and Tabulation Procedures</u>.  The Voting and Tabulation Procedures set forth in the Motion, and the Ballots substantially in the forms attached to the Motion as <u>Exhibit F</u> and accompanying instructions, in each case, adequately address the circumstances of these chapter 11 cases and provide for a fair and equitable voting process appropriate for Holders of Claims and Equity Interests in Classes 3A, 3B, 3C, 4, 5 and 6 that are entitled to vote on the Plan (the "<u>Voting Classes</u>").  The Ballots are consistent with Official Bankruptcy Form No. 314 and comply with Bankruptcy Rule 3018(c).  Ballots need not be provided to Holders of Claims in Classes 1 and 2, which are classified as unimpaired under the Plan and are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

SC1:4034711.4

4.      <u>Distribution Procedures and Unimpaired Creditor Notice</u>.  The proposed Distribution Procedures set forth in the Motion, including the delivery of the Solicitation Package to Holders of Claims and Equity Interests in Voting Classes, and the delivery of the notice substantially in the form attached to the Motion as <u>Exhibit D</u> (the "<u>Unimpaired Creditor Notice</u>") to Holders of Claims in Classes 1 and 2, provide sufficient information to Holders of Claims relating to the relief granted by this Order, in accordance with Bankruptcy Rule 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

5.      <u>Confirmation Hearing Notice</u>.  Service of notice of the date, time and location of the Confirmation Hearing, the deadline for objecting to confirmation of the Plan and information regarding the discharge, injunction, exculpation and release provisions set forth in Article 12 of the Plan, substantially in the form attached to the Motion as <u>Exhibit C</u> (the "<u>Confirmation Hearing Notice</u>"), pursuant to the Distribution Procedures and as otherwise set forth in the Motion, constitutes good and sufficient notice of the Confirmation Hearing to Holders of Claims and Equity Interests in Voting Classes and other parties-in-interest in these chapter 11 cases, in satisfaction of the requirements of due process and in accordance with Bankruptcy Rules 2002(b) and 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

IT IS THEREFORE HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

A.      <u>Approval of the Disclosure Statement</u>

2.      The Disclosure Statement is approved pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and, to the extent not withdrawn, settled or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled.

4

B.      Establishment of Schedule for Solicitation and Confirmation

3.      The following dates and deadlines are hereby established with respect to

solicitation of votes on the Plan and confirmation of the Plan:

a.    **April 29, 2016 at 4:00 p.m. (Eastern Time)** shall be the record date for
purposes of determining:  (a) the Holders of Claims and Equity Interests
entitled to receive a Solicitation Package; (b) the Holders of Claims and
Equity Interests entitled to vote on the Plan; and (c) whether Claims or
Equity Interests have been properly transferred to an assignee pursuant to
Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of
such Claim (the "Voting Record Date");

b.    The Debtors shall distribute the Solicitation Packages, the Unimpaired
Creditor Notice and Confirmation Hearing Notice to Holders of Claims
and Equity Interests on **May 9, 2016** (the "Solicitation Mailing
Deadline");

c.    **May 11, 2016 at 4:00 p.m. (Eastern Time)** shall be the deadline for the
Debtors to request that a claim be expunged, reclassified or allowed in a
reduced amount for voting purposes;

d.    **May 25, 2016 at 4:00 p.m. (Eastern Time)** shall be the deadline for
Holders of Claims and Equity Interests to file and serve any Rule 3018(a)
Motion (as defined below);

e.    All Holders of Claims and Equity Interests entitled to vote on the Plan
(other than Beneficial Holders of Norwegian Bond Claims as set forth
herein) must complete, execute and return their Ballots so that they are
**actually received** by KCC pursuant to the Voting and Tabulation
Procedures, on or before **June 15, 2016 at 8:00 p.m. (Eastern Time)** (the
"Voting Deadline");

f.    **June 20, 2016 at 4:00 p.m. (Eastern Time)** shall be the deadline to file
the Cure Schedule (as defined below);

g.    **July 1, 2016 at 4:00 p.m. (Eastern Time)** shall be the date by which
objections to the Confirmation of the Plan must be filed with this Court
and served so as to be **actually received** by the Notice Parties (the
"Confirmation Objection Deadline");

h.    **July 1, 2016** shall be the deadline to file the Voting Report; and

i.    This Court shall consider the confirmation of the Plan at a hearing to be
held on **July 20, 2016 at 10:00 a.m. (Eastern Time)** (the "Confirmation
Hearing").

SC1:4034711.4

C.      Approval of Solicitation Packages, Distribution Procedures and Unimpaired
        Creditor Notice

4.      The Distribution Procedures are hereby approved as set forth herein.  On

or before the Solicitation Mailing Deadline, the Debtors shall cause Kurtzman Carson

Consultants LLC, the Debtors' claims and noticing agent ("KCC") to distribute a solicitation

package to each Holder of a Claim or Equity Interest in the Voting Classes (other than

Norwegian Bond Claims), containing the following materials (collectively, the "Solicitation

Package"), which are hereby approved:

a. a cover letter, substantially in the form attached to the Motion as
   Exhibit B: (i) describing the contents of the Solicitation Package, the
   contents of the enclosed CD-ROM and instructions for obtaining hard
   copies of materials provided on CD-ROM, and (ii) informing the Holders
   of the Debtors' recommendation to accept the Plan;

b. a printed copy of the Confirmation Hearing Notice;

c. an appropriate Ballot (as defined below), together with a pre-addressed,
   postage prepaid return envelope for submitting such Ballot;

d. the Disclosure Statement (together with all exhibits thereto, including the
   Plan and all exhibits to the Plan) in electronic format on a CD-ROM; and

e. a copy of this Order (without exhibits) in electronic format on a CD-ROM.

5.      Any party that has filed duplicate proofs of claim which are classified

under the Plan in the same Class, whether against the same Debtor or multiple Debtors, shall

receive only one Solicitation Package for voting the relevant Claim with respect to such Class.

6.      No Solicitation Packages shall be distributed to (a) Holders of Claims that

have been paid in full (provided that each such Holder shall be served with a copy of the

Confirmation Hearing Notice) or (b) any person to whom the Debtors have mailed a notice of the

Disclosure Statement Hearing, if such notice has been returned as undeliverable, except to the

extent the Debtors are provided with accurate addresses for the applicable parties prior to the

Solicitation Mailing Deadline.

7.    The Debtors shall, at their expense, provide paper copies of the Plan,

Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such

paper copies:  (a) through the Debtors' restructuring website at www.kccllc.net/primorsk or (b) in

writing to:  Primorsk Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska

Avenue, El Segundo, California 90245.

8.    KCC shall transmit an electronic copy of the Solicitation Package to

Nordea Securities Services ("Nordea Securities"), as custodian for the bonds issued pursuant to

the Norwegian Bond Indenture, for delivery to the Voting Nominees.  The Voting Nominees

shall forward the Solicitation Package, including individual ballots in substantially the form

attached to the Motion as Exhibit F-5 (each, a "Beneficial Ballot"), to beneficial holders of

Norwegian Bond Claims as of the Voting Record Date (the "Beneficial Holders") who hold

Norwegian Bond Claims through such Voting Nominees.

9.    Each Voting Nominee shall summarize the individual votes of the

Beneficial Holders, as indicated on Beneficial Ballots received from such Beneficial Holders, on

a master ballot in substantially the form attached to the Motion as Exhibit F-4 (the "Master

Ballot"), and return such Master Ballot to KCC **so that it is actually received on or before the**

**Voting Deadline**.  Each Voting Nominee shall instruct Nordea Securities to disclose such Voting

Nominee's Voting Record Date holdings of Norwegian Bond Claims to KCC.  The  distribution

of Solicitation Packages to Beneficial Holders of Norwegian Bond Claims shall be deemed good,

adequate, and sufficient if the Solicitation Package is delivered by electronic mail to Nordea

Securities on or before the Solicitation Mailing Deadline.

7

10.    Holders of Claims in Classes 1 and 2, which are conclusively presumed to have accepted the Plan, shall receive the Unimpaired Creditor Notice, which is hereby approved.

11.    The Debtors are hereby authorized to modify the Disclosure Statement, the Plan and the Ballots and other related documents approved pursuant to this Order, without further order of this Court, at any time before distributing Solicitation Packages in accordance with this Order, provided that such modifications are not material as determined by the Debtors in good faith.  The Debtors shall file a notice of any such modification with this Court, together with a marked version reflecting such modification.

D.    Approval of Forms of Ballots and Voting and Tabulation Procedures

12.    The Ballots are hereby approved.

13.    The Debtors are authorized to solicit, receive and tabulate votes on the Plan in accordance with the Voting and Tabulation Procedures, which are hereby approved as set forth herein.

14.    The following procedures for determining the amounts of Claims or Equity Interests for voting purposes are hereby approved:

a.    Subject to subparagraphs (b)-(h) below, each Holder of a Claim who has timely filed a proof of claim and is entitled to vote on the Plan may vote the face amount of such Claim as set forth on the relevant proof of claim as of the Voting Record Date.

b.    A Claim that is scheduled in the Debtors' Schedules (provided that such Claim is not scheduled as contingent, unliquidated, disputed, undetermined, or in a $0.00 amount) and with respect to which no proof of claim has been filed, shall be deemed allowed, solely for purposes of voting, in the amount set forth in the Schedules.

c.    Claims scheduled as contingent, unliquidated, disputed, undetermined in amount, or in a $0.00 amount, for which no proof of claim has been filed, shall not be entitled to vote.

d.    Proofs of claim filed for $0.00 shall not be entitled to vote.

SC1:4034711.4

e.   If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount.

f.   Timely-filed proofs of claim that are filed in their entirety as contingent, unliquidated, undetermined and/or disputed shall vote in the amount of $1.00.

g.   The Debtors must file, and serve by overnight or electronic mail, any motion or Claim objection requesting that a Claim be expunged, reclassified or allowed in a reduced amount for voting purposes on or before **May 11, 2016 at 4:00 p.m. (Eastern Time)**.  Any such Claim shall be expunged, reclassified or allowed in a reduced amount as requested by the Debtors, unless otherwise determined by this Court.

h.   Holders of Claims or Equity Interests must file and serve any motion to allow a Claim or Equity Interest in a specified amount for voting purposes, or to reclassify a Claim or Equity Interest (a "Rule 3018(a) Motion") on or before **May 25, 2016 at 4:00 p.m. (Eastern Time)** (the "Rule 3018(a) Motion Deadline").  Any such Claim or Equity Interest shall be counted in the amount estimated or allowed by this Court or in such other amount as agreed by the Debtors and the Holder of such Claim or Equity Interest. The Debtors shall provide each party that timely files a Rule 3018(a) Motion with an appropriate provisional Ballot and a pre-addressed, postage prepaid return envelope within two business days after the Rule 3018(a) Motion Deadline.  All Rule 3018(a) Motions must:  (i) be in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state the basis and the specific grounds therefor, (v) be heard at the Confirmation Hearing and (vi) be filed with this Court, together with proof of service thereof, and served upon and received by the Notice Parties no later than the Rule 3018(a) Motion Deadline.

i.   Objections to any Rule 3018(a) Motion must be filed on or before **June 1, 2016 at 4:00 p.m. (Eastern Time)**.  KCC shall inform this Court at or prior to the Confirmation Hearing whether counting the applicable provisional Ballot would affect the outcome of voting on the Plan.  The tabulation of each provisional Ballot shall be determined by order of this Court.

15.   The following voting procedures and standard assumptions in tabulating

Ballots are hereby approved:

a.   <u>Votes Not Counted</u>.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

SC1:4034711.4

i.     any Ballot received by KCC after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

ii.     any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim or Equity Interest;

iii.     any Ballot cast by a person or entity that (A) does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

iv.     any Ballot sent to the Debtors or the Debtors' financial or legal advisors, agents or representatives (other than KCC);

v.     any unsigned Ballot;

vi.     any Ballot not received in its executed, original form;

vii.     any Ballot that is received by KCC by facsimile or other means of electronic transmission; or

viii.     any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b.     <u>Multiple Ballots</u>.  If multiple Ballots are received from the same Holder with respect to the same Claim or Equity Interest prior to the Voting Deadline, the latest dated Ballot received by the Voting Deadline shall be counted for voting purposes, subject to contrary order of the Court; <u>provided</u>, <u>however</u>, that where ambiguity exists with respect to which Ballot was the latest dated, KCC has the right to determine the appropriate tabulation of such Ballot and to contact the respective Holder to determine such Holder's intent in connection therewith.

c.     <u>No Vote Splitting</u>.  All Claims and Equity Interests must be voted in their entirety to either accept or reject the Plan.

d.     <u>Ballots Signed by Representative</u>.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney in fact or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing the Ballot.  The Debtors may request proper evidence of such representative's authority to sign the Ballot.

e.     <u>Defective Ballots</u>.  Subject to contrary order of this Court, the Debtors may, in their sole discretion, waive any defects or irregularities as to any particular Ballot at any time (including the timeliness of the submission of a Ballot), either before or after the Voting Deadline; <u>provided</u>, <u>however</u>, that:

SC1:4034711.4

    i.    any such waivers shall be documented in the voting reports completed by KCC;

    ii.    neither the Debtors, nor any other person or entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the voting reports prepared by KCC, nor will any of them incur any liability for failure to provide such notification; and

    iii.    unless waived by the Debtors, subject to contrary order of this Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will <u>not</u> be counted.

    f.    <u>Lack of Good Faith Designation</u>.  In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, this Court shall determine whether any vote to accept or reject the Plan will be counted for purposes of determining whether the Plan has been accepted or rejected by the applicable person or entity.

    E.    <u>Approval of Notice and Objection Procedures for Confirmation of the Plan</u>

    16.    The Confirmation Hearing Notice is hereby approved.

    17.    On or before the Solicitation Mailing Deadline and simultaneously with the distribution of the Solicitation Packages, the Debtors shall serve the Confirmation Hearing Notice on:  (a) the U.S. Trustee; (b) all known creditors; (c) all equity security holders; (d) the Internal Revenue Service; (e) counsel to the agent for the Debtors' prepetition secured lenders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman); (f) counsel to the agent for the Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New York, New York 10036 (Attn: Richard Stern); (g) counsel to the agent for and the ad hoc group of the Debtors' prepetition bondholders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Douglas Bartner); (h) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; and (i) all parties who have filed a notice of appearance and request for service of

documents pursuant to the Case Management Order, in each case only to the extent such parties

have not otherwise been served with the Confirmation Hearing Notice pursuant to this Order.

18.    Any objection to confirmation of the Plan must:  (a) be in writing,

(b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (c) set forth

the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by

the objector against the particular Debtor or Debtors, (d) state the basis and the specific grounds

therefor and (e) be filed with the Court, together with proof of service thereof, and served upon

and received by each of the following (collectively, the "Notice Parties") no later than the

Confirmation Objection Deadline of **July 1, 2016 at 4:00 p.m. (Eastern Time)**:  (i) the

Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004; (ii) the Debtors and

their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and Brian Glueckstein,

125 Broad Street, New York, New York 10004); and (iii) the U.S. Trustee, 201 Varick Street,

Suite 1006, New York, New York 10014.  A hard copy of any objection also must be delivered

via first-class mail to the U.S. Trustee by the Confirmation Objection Deadline.

F.    Approval of Notice of Filing of the Plan Supplement

19.    The Plan Supplement shall be filed by the Debtors no later than **June 8,**

**2016** (the "Plan Supplement Filing Deadline").  The Plan Supplement Notice in the form

attached to the Motion as Exhibit E is hereby approved.  On or before the Plan Supplement

Filing Deadline, the Debtors shall serve the Plan Supplement Notice on:  (a) the U.S. Trustee; (b)

counsel to the agent for the Debtors' prepetition secured lenders, White & Case LLP, 1155

Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman); (c) counsel to

the agent for the Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times

Square, New York, New York 10036 (Attn: Richard Stern); (d) counsel to the agent for and the

ad hoc group of the Debtors' prepetition bondholders, Shearman & Sterling LLP, 599 Lexington

Avenue, New York, New York 10022 (Attn: Douglas Bartner); (e) the parties identified on the

Debtors' consolidated list of 30 largest unsecured creditors; (f) all parties who have filed a notice

of appearance and request for service of documents pursuant to the Case Management Order and

(g) those parties receiving the Solicitation Package.  Such service of the Plan Supplement Notice

shall constitute good and sufficient notice of the filing of the Plan Supplement.

> G.    Approval of Notice and Objection Procedures for the Assumption and Rejection
>        of Executory Contracts and Unexpired Leases Under the Plan

20.    The following notice and objection procedures for assumption and/or

assignment of Executory Contracts and Unexpired Leases and fixing of Cure Amounts are

hereby approved:

a.  No later than **June 20, 2016 at 4:00 p.m. (Eastern Time)**, the Debtors shall file a schedule (the "Cure Schedule") setting forth the proposed cure amounts (the "Cure Amounts"), if any, for each Executory Contract and Unexpired Lease to be assumed as of the Effective Date (each, a "Proposed Assumed Contract") and serve a notice of assumption and cure amount, substantially in the form attached hereto as Exhibit G (the "Cure Notice") on each Proposed Assumed Contract counterparty.  Objections to the proposed assumption of the Proposed Assumed Contract, the Cure Amounts, the ability of the applicable Reorganized Debtor to provide adequate assurance of future performance or any other matter pertaining to the proposed assumption must be filed by the Confirmation Objection Deadline.  Any such counterparty that fails to do so by the Confirmation Objection Deadline shall be forever barred, estopped and enjoined from disputing such assumption and such Cure Amounts (including a Cure Amount of $0.00) and/or asserting any claim against the applicable Debtor or Reorganized Debtor under section 365(b)(1) of the Bankruptcy Code.

b.  If no objections are received by the Confirmation Objection Deadline, the assumption of such Proposed Assumed Contract shall be deemed authorized and the proposed Cure Amounts shall be binding for all purposes.

c.  In the event of a dispute regarding (i) the Cure Amounts; (ii) the ability of the applicable Reorganized Debtor to provide adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code under the applicable Proposed Assumed Contract; or (iii) any other matter

pertaining to the proposed assumption, the proposed Cure Amounts shall be made following the entry of a final order of this Court resolving such dispute and approving the assumption of such Proposed Assumed Contract (which may be before or after the Effective Date). To the extent such a dispute relates solely to the Cure Amounts, the applicable Debtor may assume the applicable Proposed Assumed Contract prior to the resolution of such dispute provided that such Debtor reserves cash in an amount sufficient to pay the Cure Amounts. To the extent any dispute is resolved or determined against the applicable Debtor or Reorganized Debtor, as applicable, such Debtor or Applicable Debtor, as applicable, may reject the applicable Proposed Assumed Contract, and such counterparty may file a proof of claim.

21.     The following notice and objection procedures with respect to the

rejection of Executory Contracts and Unexpired Leases are hereby approved:

    a.     The Plan Supplement shall include a schedule of Executory Contracts and Unexpired Leases to be rejected. The Debtors shall serve notice of the filing of any such schedule or of any motion to reject any Executory Contract or Unexpired Lease on each applicable counterparty. Objections to such rejection must be filed within 10 days of the filing of the Plan Supplement or rejection motion. Any order authorizing the rejection of such Executory Contract or Unexpired Lease, including, but not limited to, the order confirming the Plan, shall be served by the Debtors on each applicable counterparty.

    b.     Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed rejection of such Executory Contract or Unexpired Lease will be deemed to have consented to such rejection, and entry of the order confirming the Plan shall constitute approval of the rejection under such Executory Contract or Unexpired Lease pursuant to sections 365 and 1123 of the Bankruptcy Code.

    c.     All proofs of claim arising from or relating to the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan must be filed within 30 days of the Effective Date, provided that, with respect to any Executory Contract or Unexpired Lease rejected as a result of a disputed assumption or cure amount, proofs of claim must be filed within 30 days of the entry of an order authorizing such rejection. Failure to timely file a proof of claim arising from or relating to the rejection of an Executory Contract or Unexpired Lease will result in any such claim being automatically disallowed, forever barred from assertion, and such claim shall not be enforceable against the Debtors, the Reorganized Debtors or any of their property. Any allowed claim arising from the rejection of an Executory Contract or Unexpired Lease shall be classified as a General Unsecured Claim for purposes of the Plan.

H.    <u>Other</u>

22.    The Debtors and KCC are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

23.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party-in-interest, as applicable, to object to a proof of claim after the Voting Record Date.

24.    Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order.

25.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

26.    This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

27.    This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

Dated: _____, 2016
      New York, New York

                            _____
                            Martin Glenn
                            United States Bankruptcy Judge

## **EXHIBIT B**

### **Solicitation Package Cover Letter**

SC1:4034711.4

Primorsk International Shipping Limited ("Primorsk") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are pleased to present the enclosed Solicitation Package for your consideration.

On April __, 2016 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (i) approving the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"); (ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan");[1] (iii) approving solicitation packages and procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to the confirmation of the Plan; and (vii) establishing notice and objection procedures for the assumption and rejection of executory contracts and unexpired leases under the Plan (the "Solicitation Procedures Order").

You have received this letter and the enclosed materials because you are entitled to vote on the Plan.  The Debtors believe that the Plan is preferable to the available alternatives, as described in the enclosed Disclosure Statement.  Accordingly, **the Debtors recommend that all Holders of Claims and Equity Interests entitled to vote on the Plan <u>vote to accept the Plan by timely completing and returning the enclosed ballot.</u>**

The enclosed materials constitute the Debtors' "Solicitation Package" and consist of the following:

a.      this letter;

b.      a notice of the date and time of the hearing scheduled before the Bankruptcy Court to consider confirmation of the Plan;

c.      a Ballot, together with a pre-addressed, postage prepaid return envelope;

d.      the Disclosure Statement (with the Plan annexed thereto and other exhibits) in electronic format on a CD-ROM; and

e.      the entered Solicitation Procedures Order (without exhibits) in electronic format on a CD-ROM.

Please note that the Plan Supplement is not enclosed with this letter.  The Plan Supplement will be filed with the Bankruptcy Court no later than June 8, 2016, and will be available at the website of Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, at http://www.kccllc.net/primorsk.

If you have any questions regarding this Solicitation Package, please contact KCC (a) by writing to primorskinfo@kccllc.com or Primorsk Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, or (b) by calling +1 (888) 733-1521.

---

[1]    Capitalized terms used but not defined in this letter shall have the meaning ascribed to them in the Plan.

**<u>EXHIBIT C</u>**

**Confirmation Hearing Notice**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                :
In re                            :      Chapter 11
                                  :
PRIMORSK INTERNATIONAL SHIPPING   :      Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                   :
                                  :      Jointly Administered
                     Debtors.     :
———————————————————— x

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

        **PLEASE TAKE NOTICE** that on April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (i) approving the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"); (ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan");[2] (iii) approving solicitation packages and procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan.

the confirmation of the Plan; and (vii) establishing notice and objection procedures for the assumption and rejection of executory contracts and unexpired leases under the Plan (the "Solicitation Procedures Order").

        **PLEASE TAKE FURTHER NOTICE** that the Court will consider confirmation of the Plan at a hearing (the "Confirmation Hearing") on **July 20, 2016 at 10:00 a.m. (Eastern Time)**, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

---

**PLEASE BE ADVISED** THAT THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT AND/OR NOTICE(S) OF ADJOURNMENT FILED ON THE DOCKET OF THESE CHAPTER 11 CASES WITH THE COURT'S PERMISSION.

---

        **PLEASE TAKE FURTHER NOTICE** that objections to the Plan, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, must be filed electronically with the Court on the docket of *In re Primorsk International Shipping Limited*, Case No. 16-10073 (MG), in accordance with rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York and must be served upon each of the following in accordance with the Case Management Order: (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (b) the Debtors and their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and Brian Glueckstein, 125 Broad Street, New York, New York 10004) and (c) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, so as to be actually received no later than **July 1, 2016 at 4:00 p.m. (Eastern Time)**. A hard copy of any objection also must be delivered via first-class mail to the U.S. Trustee by the objection deadline. Only those objections that are timely filed, served and received will be considered at the Confirmation Hearing.

        **PLEASE BE ADVISED THAT ARTICLE 12 OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

        **PLEASE BE ADVISED THAT PURSUANT TO THE PLAN, WITH CERTAIN EXCEPTIONS, ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES WILL BE ASSUMED ON THE EFFECTIVE DATE. ANY EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT THE DEBTORS SEEK TO REJECT WILL BE LISTED AS SPECIFIED CONTRACTS IN THE PLAN SUPPLEMENT. COUNTERPARTIES TO SUCH SPECIFIED CONTRACTS WILL RECEIVE NOTICE OF SUCH PROPOSED REJECTION AND WILL HAVE 10 DAYS FROM THE FILING OF THE PLAN SUPPLEMENT TO OBJECT. FOR ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN, 10 DAYS PRIOR TO THE CONFIRMATION OBJECTION DEADLINE ABOVE, THE DEBTORS SHALL FILE A SCHEDULE OF ALL CURE AMOUNTS AND SERVE ON EACH**

C-2

**APPLICABLE COUNTERPARTY A NOTICE OF PROPOSED ASSUMPTION AND CURE AMOUNTS, IF ANY. SUCH COUNTERPARTY WILL HAVE UNTIL THE CONFIRMATION OBJECTION DEADLINE TO OBJECT TO SUCH PROPOSED ASSUMPTION AND/OR THE PROPOSED CURE AMOUNTS.**

**PLEASE TAKE FURTHER NOTICE** that if you have any questions regarding the procedures and requirements for voting on the Plan or would like to obtain additional solicitation materials or paper copies of the Plan, the Disclosure Statement or the Solicitation Procedures Order, you may contact the Debtors' claims and noticing agent (a) at its website at http://www.kccllc.net/primorsk; or (b) by writing to primorskinfo@kccllc.com or Primorsk Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. Please be advised that the claims and noticing agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan, or whether you should object to the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will file a supplement to the Plan (the "Plan Supplement") with the Court no later than **June 8, 2016**. You may obtain copies of the Plan Supplement, as well as electronic copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order and other documents filed in these chapter 11 cases, via the Court's website, https://ecf.nysb.uscourts.gov/, or from the website of the Debtors' claims and noticing agent, http://kccllc.net/primorsk.

---

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

---

Dated: _____, 2016
New York, New York

_____
Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
Email:          dietdericha@sullcrom.com
                    gluecksteinb@sullcrom.com
                    kranzleya@sullcrom.com

*Counsel to the Debtors and
Debtors-in-Possession*

## **EXHIBIT D**

**Unimpaired Creditor Notice**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                            :
In re                                       :        Chapter 11
                                            :
                                            :        Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING            :
LIMITED, *et al.*,[1]                       :
                                            :        Jointly Administered
                                            :
                          Debtors.          :
                                            :
———————————————————— x

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF UNIMPAIRED**
**CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

        **PLEASE TAKE NOTICE** that on April __, 2016, the United States Bankruptcy
Court for the Southern District of New York (the "Court") entered an order (i) approving the
*Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the*
*Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement");
(ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of*
*Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be
amended, modified or supplemented, the "Plan");[2] (iii) approving solicitation packages and
procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing
procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification
       numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) –
       m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping
       Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco
       Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited
       (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena",
       Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t
       "Zaliv Vostok".

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan.

the confirmation of the Plan; and (vii) establishing notice and objection procedures for the assumption and rejection of Executory Contracts and Unexpired Leases under the Plan (the "Solicitation Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Your Claim (as currently asserted against the Debtors) is unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code. You are therefore conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that notwithstanding this notice of non-voting status, you have the right to (a) contest your non-voting status and (b) object to Confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will file a supplement to the Plan (the "Plan Supplement") with the Court no later than **June 8, 2016**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Plan Supplement (once filed), the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these chapter 11 cases, may be obtained for a nominal fee from the Court's website, https://ecf.nysb.uscourts.gov, or obtained free of charge by accessing the website of the Debtors' claims and noticing agent, https://www.kccllc.net/primorsk. Please be advised that the claims and noticing agent is authorized to answer questions about, and provide additional copies of, materials filed in these chapter 11 cases, but may not advise you as to whether you should contest your non-voting status or object to confirmation of the Plan.

Dated: _____, 2016
New York, New York

                        Andrew G. Dietderich
                        Brian D. Glueckstein
                        Alexa J. Kranzley
                        SULLIVAN & CROMWELL LLP
                        125 Broad Street
                        New York, New York  10004
                        Telephone:    (212) 558-4000
                        Facsimile:    (212) 558-3588
                        Email:    dietdericha@sullcrom.com
                                      gluecksteinb@sullcrom.com
                                      kranzleya@sullcrom.com

                        *Counsel to the Debtors and*
                        *Debtors-in-Possession*

SC1:4034711.4

## **EXHIBIT E**

**Plan Supplement Notice**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                              :        Chapter 11
                                                                   :
PRIMORSK INTERNATIONAL SHIPPING            :        Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                                          :
                                                                   :        Jointly Administered
                                                                   :
                                        Debtors.          :

---------------------------------------------------------------x

<u>**NOTICE OF FILING OF PLAN SUPPLEMENT**</u>

**PLEASE TAKE NOTICE** that on April __, 2016, the United States Bankruptcy
Court for the Southern District of New York (the "<u>Court</u>") entered an order (i) approving the
*Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the
Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>");
(ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of
Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be
amended, modified or supplemented, the "<u>Plan</u>");[2] (iii) approving solicitation packages and
procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing
procedures for voting on the Plan; (vi) establishing notice and objection procedures relating to
the confirmation of the Plan; and (vii) establishing notice and objection procedures for the

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification
numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) –
m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping
Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco
Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited
(Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena",
Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t
"Zaliv Vostok".

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan.

assumption and rejection of Executory Contracts and Unexpired Leases under the Plan (the "Solicitation Procedures Order").

      **PLEASE TAKE FURTHER NOTICE** that on **June 8, 2016**, pursuant to the Solicitation Procedures Order, the Debtors filed the Plan Supplement with the Court [Docket No. __]. The Plan Supplement contains the following documents:

- Material Replacement Loan Documents;

- Form of Reorganized Primorsk Certificate of Incorporation and other organizational documents of the Reorganized Debtors;

- Amended Management Agreements;

- Identity and affiliates of each director and officer of the Reorganized Debtors; and

- List of Specified Contracts.

      **PLEASE TAKE FURTHER NOTICE** that the Court will consider confirmation of the Plan at a hearing (the "Confirmation Hearing") to commence on **July 20, 2016 at 10:00 a.m. (Eastern Time)**, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

---

**PLEASE BE ADVISED** THAT THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT AND/OR NOTICE(S) OF ADJOURNMENT FILED ON THE DOCKET OF THESE CHAPTER 11 CASES WITH THE COURT'S PERMISSION.

---

      **PLEASE TAKE FURTHER NOTICE** that objections to the Plan, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, must be filed electronically with the Court on the docket of *In re Primorsk International Shipping Limited*, Case No. 16-10073 (MG), in accordance with rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York and must be served upon each of the following in accordance with the Case Management Order: (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (b) the Debtors and their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and Brian Glueckstein, 125 Broad Street, New York, New York 10004) and (c) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, so as to be actually received no later than **July 1, 2016 at 4:00 p.m. (Eastern Time)**. A hard copy of any objection also must be delivered via first-class mail to the U.S. Trustee by the objection deadline. Only those objections that are timely filed, served and received will be considered at the Confirmation Hearing.

SC1:4034711.4

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these chapter 11 cases, may be obtained for a nominal fee from the Court's website, https://ecf.nysb.uscourts.gov, or obtained free of charge by accessing the website of the Debtors' claims and noticing agent, https://www.kccllc.net/primorsk.

Dated:  _____, 2016
      New York, New York

                                     Andrew G. Dietderich
                                     Brian D. Glueckstein
                                     Alexa J. Kranzley
                                     SULLIVAN & CROMWELL LLP
                                     125 Broad Street
                                     New York, New York  10004
                                     Telephone:   (212) 558-4000
                                     Facsimile:    (212) 558-3588
                                     Email:         dietdericha@sullcrom.com
                                                        gluecksteinb@sullcrom.com
                                                        kranzleya@sullcrom.com

                                     *Counsel to the Debtors and*
                                     *Debtors-in-Possession*

SC1:4034711.4

## **EXHIBIT F**

**Ballots**

**Ballots**

| Class | Claims and Equity Interests | EXHIBIT |
|:---:|:---:|:---:|
| 3A | Senior Secured Claims | F-1 |
| 3B | Junior Secured Claims | F-2 |
| 3C | Swap Secured Claims | F-3 |
| 4 | Norwegian Bond Claims (Master Ballot) | F-4 |
| 4 | Norwegian Bond Claims (Beneficial Ballot) | F-5 |
| 5 | General Unsecured Claims | F-6 |
| 6 | Equity Interests | F-7 |

# EXHIBIT F-1

## Senior Secured Claims Ballot

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x
                                                    :
In re                                               :        Chapter 11
                                                    :
                                                    :        Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING                     :
LIMITED, *et al.*,[1]                               :        Jointly Administered
                                                    :
                          Debtors.                  :
                                                    :
——————————————————————x

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES

### CLASS 3A
### SENIOR SECURED CLAIMS

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**

---

            Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. __].

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because our records indicate that you are a Holder of a Senior Secured Claim in Class 3A as of April 29, 2016 (the "Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **To have your vote counted, you must complete, sign and return this Ballot to Kurtzman Carson Consultants LLC, Attn: Primorsk Ballot Processing, 2335 Alaska Avenue, El Segundo, California 90245, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. **If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent _immediately_ at:**

> Primorsk Ballot Processing
> c/o Kurtzman Carson Consultants LLC
> Telephone: +1 (888) 733-1521
> Email: PrimorskInfo@kccllc.com

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3A—Senior Secured Claims—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not be counted as either an acceptance or rejection of the Plan.

VOTING DEADLINE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).

---

F-1-2

> Ballots will not be accepted by facsimile transmission or electronic mail.
>
> If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of Senior Secured Claims in Class 3A in the following amount:



$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Claim that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

**Item 2**.  **Vote on Plan.**

The Holder of the Class 3A Senior Secured Claims set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan<br>    ☐ **Opt-Out.** The undersigned elects **not** to grant the releases contained in Article 12 of the Plan. |
|---|---|

**Item 3**.  **Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

> **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

SC1:4034711.4

**Item 4**. **Certifications.**

By signing this Ballot, the undersigned entity certifies to the Court and the Debtors that:

(a)  the entity is either:  (i) the Holder of the Claims in Class 3A being voted pursuant to this Ballot or (ii) an authorized signatory for an entity that is the Holder of the Claims in Class 3A being voted;

(b)  the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)  no other Ballots with respect to the amount of the Claims in Class 3A identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

SC1:4034711.4

Name of Holder: _____

(Print or type)

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

Phone Number: _____
(optional)

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Email: PrimorskInfo@kccllc.com**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT ON OR BEFORE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).**

SC1:4034711.4

| CLASS 3A — SENIOR SECURED CLAIMS |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.  The Court may confirm the Plan and thereby bind you.  Please review the Disclosure Statement for more information.

3.  **To ensure that your vote is counted, you must:**  (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.  If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may **NOT** be counted.  Additionally, the following Ballots will **NOT** be counted:

    •  any Ballot that partially rejects and partially accepts the Plan;

    •  Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

    •  Ballots sent by facsimile, email or any other electronic means;

    •  any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

    •  any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

    •  any unsigned Ballot; and/or

    •  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept  and reject the Plan.

5.  The method of delivery of Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Ballot.

SC1:4034711.4

6.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

8.      You must vote the entirety of any Claim either to accept or reject the Plan and may not split your vote for any such Claim.

9.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

11.     Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

12.     If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT:
+1 (888) 733-1521.**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY
RECEIVE THIS BALLOT ON OR BEFORE JUNE 15, 2016
AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

F-1-7

**<u>EXHIBIT F-2</u>**

**Junior Secured Claims Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x
                                  :
In re                            :          Chapter 11
                                    :
PRIMORSK INTERNATIONAL SHIPPING    :          Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                        :
                                    :          Jointly Administered
                    Debtors.        :
———————————————————————————— x

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED
JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK
INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES**

**CLASS 3B
JUNIOR SECURED CLAIMS**

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT
IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' CLAIMS AND NOTICING AGENT
ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "<u>VOTING
DEADLINE</u>").**

---

           Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "<u>Plan</u>") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>") [Docket No. __].

---

[1]     The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because our records indicate that you are a Holder of a Junior Secured Claim in Class 3B as of April 29, 2016 (the "Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **To have your vote counted, you must complete, sign and return this Ballot to Kurtzman Carson Consultants LLC, Attn: Primorsk Ballot Processing, 2335 Alaska Avenue, El Segundo, California 90245, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. **If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent immediately at:**

<div style="border:1px solid;">

Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
Telephone: +1 (888) 733-1521
Email: PrimorskInfo@kccllc.com

</div>

---

### IMPORTANT

You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3B—Junior Secured Claims—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not be counted as either an acceptance or rejection of the Plan.

VOTING DEADLINE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).

---

SC1:4034711.4

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of Junior Secured Claims in Class 3B in the following amount:



$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Claim that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

**Item 2**.  **Vote on Plan.**

The Holder of the Class 3B Junior Secured Claims set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| | ☐ **Opt-Out.** The undersigned elects **not** to grant the releases contained in Article 12 of the Plan. |

**Item 3**.  **Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

**Item 4**. **Certifications.**

By signing this Ballot, the undersigned entity certifies to the Court and the Debtors that:

(a)     the entity is either:  (i) the Holder of the Claims in Class 3B being voted pursuant to this Ballot or (ii) an authorized signatory for an entity that is the Holder of the Claims in Class 3B being voted;

(b)     the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)     no other Ballots with respect to the amount of the Claims in Class 3B identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

SC1:4034711.4

Name of Holder: _____

(Print or type)

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

Phone Number:
(optional) _____

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Email: PrimorskInfo@kccllc.com**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT ON OR BEFORE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).**

SC1:4034711.4

| CLASS 3B — JUNIOR SECURED CLAIMS |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2. The Court may confirm the Plan and thereby bind you. Please review the Disclosure Statement for more information.

3. **To ensure that your vote is counted, you must:** (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may **NOT** be counted. Additionally, the following Ballots will **NOT** be counted:

   • any Ballot that partially rejects and partially accepts the Plan;

   • Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

   • Ballots sent by facsimile, email or any other electronic means;

   • any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

   • any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

   • any unsigned Ballot; and/or

   • any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

5. The method of delivery of Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Ballot.

SC1:4034711.4

6.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

8.      You must vote the entirety of any Claim either to accept or reject the Plan and may not split your vote for any such Claim.

9.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

11.     Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

12.     If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT:
+1 (888) 733-1521.**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY
RECEIVE THIS BALLOT ON OR BEFORE JUNE 15, 2016
AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

F-2-7

# EXHIBIT F-3

**Swap Secured Claims Ballot**

SC1:4034711.4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x
                                                            :
In re                                                       :        Chapter 11
                                                            :
                                                            :        Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING                             :
LIMITED, *et al.*,[18]                                      :        Jointly Administered
                                                            :
                         Debtors.                           :
                                                            :
———————————————————————— x

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK <u>INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES</u>

### CLASS 3C
### SWAP SECURED CLAIMS

———————————————————————————————————————

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' CLAIMS AND NOTICING AGENT ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

———————————————————————————————————————

Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "<u>Plan</u>") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>") [Docket No. __].

---

[18]   The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because our records indicate that you are a Holder of a Swap Secured Claim in Class 3C as of April 29, 2016 (the "Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **To have your vote counted, you must complete, sign and return this Ballot to Kurtzman Carson Consultants LLC, Attn: Primorsk Ballot Processing, 2335 Alaska Avenue, El Segundo, California 90245, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. **If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent immediately at:**

Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
Telephone: +1 (888) 733-1521
Email: PrimorskInfo@kccllc.com

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3C—Swap Secured Claims—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not be counted as either an acceptance or rejection of the Plan.

VOTING DEADLINE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).

F-3-2

> Ballots will not be accepted by facsimile transmission or electronic mail.
>
> If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of Swap Secured Claims in Class 3C in the following amount:



**The preprinted amount of your Claim as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Claim that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

**Item 2.  Vote on Plan.**

The Holder of the Class 3C Swap Secured Claims set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan<br>☐ **Opt-Out.** The undersigned elects **not** to grant the releases contained in Article 12 of the Plan. |
|---|---|

**Item 3.  Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

> **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

SC1:4034711.4

**Item 4**.  **Certifications.**

By signing this Ballot, the undersigned entity certifies to the Court and the Debtors that:

(a)    the entity is either:  (i) the Holder of the Claims in Class 3C being voted pursuant to this Ballot or (ii) an authorized signatory for an entity that is the Holder of the Claims in Class 3C being voted;

(b)    the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)    no other Ballots with respect to the amount of the Claims in Class 3C identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

SC1:4034711.4

Name of Holder: _____
(Print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

Phone Number: _____
(optional)

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Email: PrimorskInfo@kccllc.com**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT ON OR BEFORE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).**

F-3-5

SC1:4034711.4

| CLASS 3C — SWAP SECURED CLAIMS |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.    The Court may confirm the Plan and thereby bind you.  Please review the Disclosure Statement for more information.

3.    **To ensure that your vote is counted, you must:**  (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.    If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may **NOT** be counted.  Additionally, the following Ballots will **NOT** be counted:

- any Ballot that partially rejects and partially accepts the Plan;

- Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

- Ballots sent by facsimile, email or any other electronic means;

- any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

- any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

- any unsigned Ballot; and/or

- any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept  and reject the Plan.

5.    The method of delivery of Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Ballot.

6.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

8.      You must vote the entirety of any Claim either to accept or reject the Plan and may not split your vote for any such Claim.

9.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.    This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

11.    Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

12.    If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT:
+1 (888) 733-1521.**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY
RECEIVE THIS BALLOT ON OR BEFORE JUNE 15, 2016
AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

F-3-7

## **EXHIBIT F-4**

**Norwegian Bond Claims (Master Ballot)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x
                                                     :
In re                                                :      Chapter 11
                                                     :
                                                     :      Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING              :
LIMITED, *et al.*,[1]                                :      Jointly Administered
                                                     :
                        Debtors.                     :
                                                     :
—————————————————————— x

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED**
**JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK**
**INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES**

**CLASS 4**
**NORWEGIAN BOND CLAIMS**

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING**
**THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT**
**IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' CLAIMS AND NOTICING AGENT**
**ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "<u>VOTING</u>**
**<u>DEADLINE</u>").**

---

Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "<u>Plan</u>") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>") [Docket No. __].

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "<u>Solicitation Procedures Order</u>").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Master Ballot because the records of Nordea Securities Services, global custodian for the Norwegian Bonds (as defined below) indicate that you are a broker, bank, transfer agent, or other agent or nominee (a "<u>Voting Nominee</u>") on behalf of certain beneficial holders of Norwegian Bond Claims in Class 4 as of April 29, 2016 (the "<u>Record Date</u>," and such beneficial holders, the "<u>Beneficial Holders</u>").

The "<u>Norwegian Bonds</u>" include the unsecured notes due 2011 issued by Primorsk under the loan agreement, dated February 23, 2007, between Primorsk and Norsk Tillitsmann ASA, as loan trustee to the bondholders, and the bondholders party thereto, as such agreement may be amended from time to time.

This Master Ballot is to be used by you, as Voting Nominee (or as the Voting Nominee's proxy holder or agent), for the Beneficial Holders, to transmit the votes of such Beneficial Holders to accept or reject the Plan.

Please take all necessary and appropriate action to enable each Beneficial Holder to timely vote its Norwegian Bond Claim to accept or reject the Plan.  **THIS MASTER BALLOT RELATES TO VOTES CAST BY BENEFICIAL HOLDERS ON ACCOUNT OF NORWEGIAN BOND CLAIMS.**

The Plan can be confirmed by the Court and thereby made binding on you and on all Beneficial Holders if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**In order for the Beneficial Holders' votes to be counted, you must complete, sign and return this Master Ballot so that it is received by the deadline indicated above to Kurtzman Carson Consultants LLC, Attn:  Primorsk Ballot Processing, 1290 Avenue of the Americas, 9th Floor, New York, New York 10104, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Master Ballot may not be used for any purpose other than for transmitting votes on the Plan, and certain certifications with respect to the Plan, by Beneficial Holders.  **If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent <u>immediately</u> at:**

Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
Telephone:  +1 (917) 281-4800
Email: PrimorskInfo@kccllc.com

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS
SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF THE DEBTORS,
OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT
OR MAKE ANY STATEMENT ON BEHALF OF ANY OTHER PERSON
OR ENTITY WITH RESPECT TO THE PLAN.**

**IMPORTANT**

You should carefully review the Disclosure Statement, the Plan and the instructions contained herein before you transmit votes and elections.  You or the Beneficial Holders of Norwegian Bond Claims for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Norwegian Bond Claims under the Plan. The Claims of Beneficial Holders have been classified in Class 4—Norwegian Bond Claims— under the Plan.

If your Master Ballot is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, none of the votes transmitted on the Master Ballot will be counted as either an acceptance or rejection of the Plan.

VOTING DEADLINE:  JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Plan is confirmed by the Court, it will be binding on you and the Beneficial Holders of the Norwegian Bond Claims for whom you are the Voting Nominee, whether or not such beneficial owners vote and whether or not any votes are transmitted by this Master Ballot.

**Item 1**.  **Certification of Authority to Vote.**

The undersigned hereby certifies that it:

☐    is a broker, bank, transfer agent, or other Voting Nominee for the beneficial holders of the aggregate principal amount of Norwegian Bond Claims listed in Item 2 below as of April 29, 2016, or is the registered holder of such Norwegian Bond Claims; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, transfer agent or other Voting Nominee of a Beneficial Holder that on April 29, 2016 was the Holder of the aggregate principal amount of the Norwegian Bond Claims listed on Item 2 below; or

F-4-3

☐ is acting under a proxy granted by a broker, bank, transfer agent or other Voting Nominee for the Beneficial Holders (please attach a copy of such proxy to the Master Ballot),

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Norwegian Bond Claims listed in Item 2.

**Item 2.** **Norwegian Bond Claims (Class 4) Vote on Plan—Number of Beneficial Holders.**

The undersigned certifies that the following Beneficial Holders, as identified by their respective customer account numbers, were beneficial holders on April 29, 2016 of the Norwegian Bond Claims indicated below and have delivered to the undersigned, as Voting Nominee, properly executed Ballots casting votes as indicated below and containing instructions for the casting of those votes on their behalf (indicate the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. For purposes of this Master Ballot, accrued or unmatured interest should not be included. **Each Beneficial Holder must vote all his, her, or its Class 4 Claims *either* to accept *or* reject the Plan and may *not* split such vote).**

**AN EXECUTED BALLOT WILL NOT BE COUNTED TO THE EXTENT IT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN.**

| Account Number for Beneficial Holder | Principal Amount of Norwegian Bond Claims | | |
|---|---|---|---|
| | Accept the Plan | Reject the Plan | Check if the Beneficial Holder checked the "Opt-Out" box in Ballot Item 2 |
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| 8. | $ | $ | ☐ |
| 9. | $ | $ | ☐ |
| 10. | $ | $ | ☐ |
| **TOTALS** | $ | $ | |

F-4-4

If you are acting as a nominee for more than 10 Beneficial Holders of Norwegian Bond Claims, please attach additional sheets as necessary.

**Item 3.  Additional Ballots Submitted by Beneficial Owners.**

The undersigned certifies that it has transcribed below the information, if any, provided in Item 4 of each Ballot received from a Beneficial Holder:

| Your Customer Name or Account Number for Beneficial Holder of Norwegian Bond Claims | Transcribe from Item 4 of Beneficial Holder's Ballot | | |
|---|---|---|---|
| | Name or Customer Account Number for Other Account for Which Ballot Has Been Submitted | Name of Voting Nominee for Other Account for Which Ballot Has Been Submitted | Principal Amount of Applicable Norwegian Bond Claims for Which Other Ballot Has Been Submitted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

Please attach additional sheets as necessary.

**Item 4.  Certifications.**

By signing this Master Ballot, the undersigned certifies that each Beneficial Holder of Norwegian Bond Claims listed in Item 2, above, has been provided with a Solicitation Package, including a copy of the Disclosure Statement (including all exhibits thereto), and certifies and acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Solicitation Procedures Order.

Name of Broker, Bank or other Voting Nominee:

_____
(Print or type)

F-4-5

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Voting Nominee (if applicable):

_____
(Print or type)

Signature: _____

Print Name: _____

Title: _____
(If appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone: (___)_____

Date Completed: _____
Email: _____
_____

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

> **Primorsk Ballot Processing**
> **c/o Kurtzman Carson Consultants LLC**
> **1290 Avenue of the Americas, 9th Floor**
> **New York, NY 10104**
> **Email: PrimorskInfo@kccllc.com**

**THIS MASTER BALLOT MUST BE RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME), OR THE
VOTES TRANSMITTED THEREBY MAY NOT BE COUNTED.**

F-4-6

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.   The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.   The Court may confirm the Plan and thereby bind you and all Beneficial Holders for whom you are Voting Nominee.  Please review the Disclosure Statement for more information.

3.   In order for the votes of the Beneficial Holders for whom you are the Voting Nominee to be counted, you must complete, sign, and return this Master Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.   **If you are both the registered holder and Beneficial Holder of any face amount of the Norwegian Bond Claims and you wish to vote such Norwegian Bond Claims:** You may complete, execute, and return to the Debtors' claims and noticing agent a Ballot with respect to the Norwegian Bond Claims that you as Beneficial Holder wish to vote.

5.   **If you are transmitting the votes of any Beneficial Holder of Norwegian Bond Claims other than yourself:**

   You may deliver the Ballot to such Beneficial Holder, along with the Solicitation Package you received, and take all necessary and appropriate actions to enable such Beneficial Holder to (i) complete and execute such Ballot and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Debtors' claims and noticing agent before the Voting Deadline of **June 15, 2016 at 8:00 p.m. (Eastern Time)**.

   With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

   a.   Check the appropriate box in Item 1 on this Master Ballot;

   b.   In Item 2 of this Master Ballot, indicate the votes to accept or reject the Plan, as transmitted to you by the Beneficial Holders of the Norwegian Bond Claims.  To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Holder and the assigned number). **IMPORTANT:    BENEFICIAL HOLDERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL HOLDER MUST VOTE ITS ENTIRE NORWEGIAN BOND CLAIM EITHER TO ACCEPT OR REJECT THE PLAN.   IF ANY BENEFICIAL HOLDER HAS**

F-4-7

**ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE DEBTORS' CLAIMS AND NOTICING AGENT IMMEDIATELY.** To the extent any otherwise valid Ballot or Master Ballot (i) does not indicate acceptance or rejection of the Plan by the applicable Beneficial Holder, or (ii) indicates both an acceptance and rejection of the Plan by the applicable Beneficial Holder, such Ballot or Master Ballot will not be counted;

c.      Please note that Item 3 of this Master Ballot requests that you transcribe any information provided by each Beneficial Holder from Item 4 of such Beneficial Holder's completed Ballot;

d.      Review the certification in Item 4 of the Master Ballot;

e.      In Item 4, sign and date the Master Ballot, and provide the remaining information requested;

f.      If additional space is required to respond to any item on the Master Ballot, please use additional pages clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.      Contact the Debtors' claims and noticing agent to arrange for delivery of the completed Master Ballot; and

h.      Deliver the completed, executed Master Ballot so as to be *received* by the Debtors' claims and noticing agent before the Voting Deadline. For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Debtors' claims and noticing agent or retain such Ballot in your files for one year from the Voting Deadline.

6.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, the votes recorded on such Master Ballot may **NOT** be counted. Additionally, the following Ballots will **NOT** be counted and, to the extent received by you from any Beneficial Holder, should not be recorded on this Master Ballot:

- •      any Ballot that partially rejects and partially accepts the Plan;

- •      Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

- •      Ballots sent by facsimile, email or any other electronic means;

- •      any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

- •      any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

F-4-8

- any unsigned Ballot; and/or

- any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.    The method of delivery of Master Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Master Ballot.

8.    If multiple Ballots are received from the same Voting Nominee with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

9.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

10.   Each Claim must be voted in its entirety either to accept or reject the Plan and no votes may be split for any Claim.

11.   **This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to vote to accept or reject the Plan.**  Accordingly, at this time, Beneficial Holders should not surrender certificates or instruments representing or evidencing their securities, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such documents surrendered together with this Master Ballot.  Surrender of securities for exchange may only be made by you, and will only be accepted pursuant to a letter of transmittal which will be furnished to you by the Debtors following confirmation of the Plan by the Court.

12.   No Ballot or Master Ballot shall constitute, or be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

13.   Please be sure to sign and date this Master Ballot.  If required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to act as Voting Nominee on behalf of the applicable Beneficial Holders.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

14.   **No fees, commissions, or other remuneration will be payable** to any Voting Nominee or other person for soliciting Ballots.  The Debtors will, however, upon request, reimburse you for documented, reasonable and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Holders, the tabulation of the Ballots, and the completion of Master Ballots.

15.   If you hold Claims or Equity Interests in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your

F-4-9

Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN THIS MASTER BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, THE DISCLOSURE STATEMENT, OR RELATED MATERIALS, PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT: +1 (917) 281-4800**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY RECEIVE THIS MASTER BALLOT ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME), THE VOTES OF BENEFICIAL HOLDERS RECORDED ON THIS MASTER BALLOT MAY NOT BE COUNTED.**

---

F-4-10

## **EXHIBIT F-5**

**Norwegian Bond Claims (Beneficial Ballot)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
 : 
In re :    Chapter 11
 : 
 :    Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING : 
LIMITED, *et al.*,[1] : 
 :    Jointly Administered
 Debtors. : 
 : 
---------------------------------------------------------------- x

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES

### CLASS 4
### NORWEGIAN BOND CLAIMS

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO YOUR VOTING NOMINEE IN A TIMELY FASHION TO BE COUNTED AND SUBMITTED.**

**YOUR VOTING NOMINEE MUST COUNT AND SUBMIT YOUR VOTE SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**

---

      Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan") [Docket No. ___] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization*

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

*Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. __].

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because you are the beneficial holder of Norwegian Bonds (as defined below) as of April 29, 2016 (the "Record Date") according to the records of your broker, bank, transfer agent, or other agent or nominee, from whom you received this Ballot ("Voting Nominee"). Accordingly, you are the beneficial holder of Norwegian Bond Claims (a "Beneficial Holder") as of the Record Date and have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The "Norwegian Bonds" include the unsecured notes due 2011 issued by Primorsk under the loan agreement, dated February 23, 2007, between Primorsk and Norsk Tillitsmann ASA, as loan trustee to the bondholders, and the bondholders party thereto, as such agreement may be amended from time to time.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot as soon as possible to your Voting Nominee **so that it is received in time to allow the Voting Nominee to include your vote on its Master Ballot. Your Voting Nominee must return its Master Ballot so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent **immediately** at:

> Primorsk Ballot Processing
> c/o Kurtzman Carson Consultants LLC
> Telephone: +1 (917) 281-4800
> Email: PrimorskInfo@kccllc.com

**Do not submit your Ballot directly to the Debtors' claims and noticing agent.
Return your completed Ballot to the Voting Nominee from whom you received it.**

SC1:4034711.4

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been classified in Class 4—Norwegian Bond Claims—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

Your Voting Nominee must submit its Master Ballot to the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, so that it is received on or before the Voting Deadline of **June 15, 2016 at 8:00 (Eastern Time).**

**You must return this Ballot to your Voting Nominee as soon as possible to ensure that your Voting Nominee submits your vote to the Debtors' claims and noticing agent.**  If your Voting Nominee does not receive your Ballot in time to include your vote on its Master Ballot, your vote will not be counted as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

---

<u>**Item 1**</u>.  **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of Norwegian Bond Claims in Class 4 in the following principal amount (If you do not know the principal amount of your Class 4 Norwegian Bond Claim, please contact your Voting Nominee immediately):



$ _____

**The amount of your Claim as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Claim that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

<u>**Item 2**</u>.  **Vote on Plan.**

The Holder of the Class 4 Norwegian Bond Claims set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| | ☐ **Opt-Out.** The undersigned elects <u>**not**</u> to grant the releases contained in Article 12 of the Plan. |

F-5-3

**Item 3.  Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

**Item 4.  Additional Ballots.**

By returning this Ballot, the undersigned certifies that either:  (i) he/she has not submitted any other Ballots for or on account of his/her Norwegian Bond Claims held in other accounts or other record names; or (ii) he/she has provided the information indicated in the table below for all other Norwegian Bond Claims for which he/she has submitted Ballots (use additional paper if necessary).

| Other Ballots Cast in Respect of Norwegian Bond Claims | | | | |
|---|---|---|---|---|
| **Your Customer Account Number with the Voting Nominee That Sent You This Ballot** | **Your Name or Customer Account Number for Other Account for Which Ballot Has Been Submitted** | **CUSIP OR ISIN NUMBER** | **Name of Voting Nominee for Other Account for Which Ballot Has Been Submitted (if applicable)** | **Principal Amount of Applicable Norwegian Bond Claims for Which Other Ballot Has Been Submitted** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

**Item 5.  Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

(a)     that either:  (i) the entity is the Holder of the Claims in Class 4 being voted or (ii) the entity is an authorized signatory for an entity that is the Holder of the Claims in Class 4 being voted;

(b)     that the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited

SC1:4034711.4

pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)    that no other Ballots with respect to the amount of the Claims in Class 4 identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
(Print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

Phone Number: _____
(optional)

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, EXECUTE AND RETURN THIS BALLOT
IN THE ENVELOPE PROVIDED SO THAT IT IS RECEIVED BY YOUR
VOTING NOMINEE IN TIME TO BE COUNTED AND SUBMITTED
WITH YOUR VOTING NOMINEE'S MASTER BALLOT.**

SC1:4034711.4

| CLASS 4 — NORWEGIAN BOND CLAIMS (BENEFICIAL BALLOT) |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.    The Court may confirm the Plan and thereby bind you.  Please review the Disclosure Statement for more information.

3.    **To ensure that your vote is counted, you must, as soon as possible:**  (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the Voting Nominee that provided this Ballot to you, **allowing sufficient time for your Voting Nominee to record your vote and deliver a Master Ballot so that it is actually received by** the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.    If you do not return this Ballot in time for your Voting Nominee to submit your vote to the Debtors' claims and noticing agent by the Voting Deadline and if the Voting Deadline is not extended, your vote may **NOT** be counted.  Additionally, the following Ballots will **NOT** be counted:

- any Ballot that partially rejects and partially accepts the Plan;

- Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (and with respect to the Debtors' claims and noticing agent);

- Ballots sent by facsimile, email or any other electronic means;

- any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

- any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

- any unsigned Ballot; and/or

- any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

5.    The method of delivery of Ballots to the Voting Nominee is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, delivery of a Beneficial Holder's vote will be deemed made only when the Debtors' claims and noticing agent **actually receives a Master Ballot from the Voting Nominee that includes such Beneficial Holder's vote**.

SC1:4034711.4

6.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

7.      You must vote the entirety of any Claim either to accept or reject the Plan and may not split your vote for any such Claim.

8.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Voting Nominee, the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.      This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

10.     Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Nominee, the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

11.     If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY RECEIVE A MASTER BALLOT FROM YOUR VOTING NOMINEE RECORDING YOUR VOTE, ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

**PLEASE RETURN YOUR BALLOT PROMPTLY TO YOUR VOTING NOMINEE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL YOUR VOTING NOMINEE OR CALL THE DEBTORS' CLAIMS
AND NOTICING AGENT AT: +1 (917) 281-4800.**

SC1:4034711.4

## **EXHIBIT F-6**

**General Unsecured Claims Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                    :
In re                               :    Chapter 11
                                    :
                                    :    Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING     :
LIMITED, *et al.*,[1]               :
                                    :    Jointly Administered
                Debtors.            :
                                    :
———————————————————— x

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES

## CLASS 5
## GENERAL UNSECURED CLAIMS

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' CLAIMS AND NOTICING AGENT ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

---

Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "<u>Plan</u>") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>") [Docket No. __].

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because our records indicate that you are a Holder of a General Unsecured Claim in Class 5 as of April 29, 2016 (the "Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **To have your vote counted, you must complete, sign and return this Ballot to Kurtzman Carson Consultants LLC, Attn:  Primorsk Ballot Processing, 2335 Alaska Avenue, El Segundo, California 90245, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. **If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent immediately at:**

> Primorsk Ballot Processing
> c/o Kurtzman Carson Consultants LLC
> Telephone:  +1 (888) 733-1521
> Email: PrimorskInfo@kccllc.com

| **IMPORTANT** |
| --- |
| You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5—General Unsecured Claims—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. |
| If your vote is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not be counted as either an acceptance or rejection of the Plan. |
| VOTING DEADLINE:  JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME). |

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of General Unsecured Claims in Class 5 in the following amount:



$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Claim that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

**Item 2.  Vote on Plan.**

The Holder of the Class 5 General Unsecured Claims set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan<br>☐ **Opt-Out.** The undersigned elects **not** to grant the releases contained in Article 12 of the Plan. |
|---|---|

**Item 3.  Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

SC1:4034711.4

**Item 4**. **Certifications.**

By signing this Ballot, the undersigned entity certifies to the Court and the Debtors that:

(a)     the entity is either:  (i) the Holder of the Claims in Class 5 being voted pursuant to this Ballot or (ii) an authorized signatory for an entity that is the Holder of the Claims in Class 5 being voted;

(b)     the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)     no other Ballots with respect to the amount of the Claims in Class 5 identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

SC1:4034711.4

Name of Holder: _____
(Print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

Phone Number: _____
(optional)

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Email: PrimorskInfo@kccllc.com**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT ON OR BEFORE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).**

SC1:4034711.4

| CLASS 5 — GENERAL UNSECURED CLAIMS |
|:---:|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.    The Court may confirm the Plan and thereby bind you.  Please review the Disclosure Statement for more information.

3.    **To ensure that your vote is counted, you must:**  (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.    If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may **NOT** be counted.  Additionally, the following Ballots will **NOT** be counted:

- any Ballot that partially rejects and partially accepts the Plan;

- Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

- Ballots sent by facsimile, email or any other electronic means;

- any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

- any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

- any unsigned Ballot; and/or

- any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept  and reject the Plan.

5.    The method of delivery of Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Ballot.

6.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

8.      You must vote the entirety of any Claim either to accept or reject the Plan and may not split your vote for any such Claim.

9.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to a Claim.

11.     Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

12.     If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT:
+1 (888) 733-1521.**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY
RECEIVE THIS BALLOT ON OR BEFORE JUNE 15, 2016
AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

SC1:4034711.4

# **EXHIBIT F-7**

## **Equity Interests Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
In re                                                  :        Chapter 11
                                                       :
                                                       :        Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING        :
LIMITED, *et al.*,[1]                                  :         Jointly Administered
                                                       :
                      Debtors.                         :
_____x

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE PROPOSED**
**JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PRIMORSK**
**INTERNATIONAL SHIPPING LIMITED AND ITS DEBTOR AFFILIATES**

**CLASS 6**
**EQUITY INTERESTS**

_____

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING**
**THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT**
**IS ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT**
**ON OR BEFORE JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME) (THE "VOTING**
**DEADLINE").**

_____

Primorsk International Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the proposed *Joint Chapter 11 Plan of Reorganization of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan") [Docket No. __] as described in the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. __].

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited  (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

On April __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the Disclosure Statement and authorizing the Debtors to solicit votes on the Plan (the "Solicitation Procedures Order"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Ballot because our records indicate that you are a Holder of an Equity Interest in Class 6 as of April 29, 2016 (the "Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. The Plan and Disclosure Statement accompanying this Ballot are on the enclosed CD-ROM.

The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **To have your vote counted, you must complete, sign and return this Ballot to Kurtzman Carson Consultants LLC, Attn:  Primorsk Ballot Processing, 2335 Alaska Avenue, El Segundo, California 90245, so that it is received by the Voting Deadline of June 15, 2016 at 8:00 p.m. (Eastern Time).**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. **If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtors' claims and noticing agent _immediately_ at:**

Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
Telephone:  +1 (888) 733-1521
Email: PrimorskInfo@kccllc.com

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Equity Interests. Your Equity Interests have been placed in Class 6—Equity Interests—under the Plan. If you hold Claims or Equity Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not be counted as either an acceptance or rejection of the Plan.

VOTING DEADLINE:  JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).

---

SC1:4034711.4

> Ballots will not be accepted by facsimile transmission or electronic mail.
>
> If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

**Item 1.  Amount of Shares.**

The undersigned hereby certifies that as of the Record Date, April 29, 2016, the undersigned was the Holder of Equity Interests in Class 6 in the following amount:

_____
shares

**The preprinted amount of your Equity Interests as set forth above controls for voting purposes only and is without prejudice to your rights or the rights of the Debtors in respect of the amount and classification of your Equity Interests that is ultimately Allowed for purposes of distribution under the Plan, all of which are expressly reserved.**

**Item 2.  Vote on Plan.**

The Holder of the Class 6 Equity Interests set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan<br>☐ **Opt-Out.** The undersigned elects **not** to grant the releases contained in Article 12 of the Plan. |
|---|---|

**Item 3.  Optional Release Opt-Out Election.**

Check the Opt-Out box above if you elect **not** to grant the releases in Article 12 of the Plan.  You may **not** check this box if you have voted to accept the Plan.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article 12 of the Plan to the fullest extent permitted by applicable law.

> **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW.**

SC1:4034711.4

**Item 4**. **Certifications.**

By signing this Ballot, the undersigned entity certifies to the Court and the Debtors that:

(a)     the entity is either:  (i) the Holder of the Equity Interests in Class 6 being voted pursuant to this Ballot or (ii) an authorized signatory for an entity that is the Holder of the Equity Interests in Class 6 being voted;

(b)     the entity has received a copy of the Disclosure Statement as part of the Solicitation Package and acknowledges that votes on the Plan are being solicited pursuant to the terms and conditions set forth in the Solicitation Procedures Order; and

(c)     no other Ballots with respect to the amount of the Equity Interests in Class 6 identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Equity Interests, then any such earlier Ballots are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

F-7-4

Name of Holder: _____

(Print or type)

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address: _____

_____

Phone Number: _____
(optional)

Email (optional): _____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED, OR BY
FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Primorsk Ballot Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
Email: PrimorskInfo@kccllc.com**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND
NOTICING AGENT ON OR BEFORE: JUNE 15, 2016 AT 8:00 P.M. (EASTERN TIME).**

F-7-5

| CLASS 6 — EQUITY INTERESTS |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.     The Debtors are soliciting the votes of Holders of Equity Interests with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in this Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies this Ballot.

2.     The Court may confirm the Plan and thereby bind you. Please review the Disclosure Statement for more information.

3.     **To ensure that your vote is counted, you must:** (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan by checking one of the boxes in Item 2 of this Ballot; and (c) sign and return this Ballot to the address printed on the enclosed pre-addressed envelope so that it is **actually received** by the Debtors' claims and noticing agent on or before the Voting Deadline, which is **June 15, 2016 at 8:00 p.m. (Eastern Time).**

4.     If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may **NOT** be counted. Additionally, the following Ballots will **NOT** be counted:

- any Ballot that partially rejects and partially accepts the Plan;

- Ballots sent to any Debtor entities, the Debtors' financial or legal advisors or agents (other than the Debtors' claims and noticing agent);

- Ballots sent by facsimile, email or any other electronic means;

- any Ballot that is illegible or contains insufficient information to identify the Holder of the Equity Interest;

- any Ballot cast by an entity that does not hold a Claim or Equity Interest in a Class entitled to vote on the Plan;

- any unsigned Ballot; and/or

- any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

5.     The method of delivery of Ballots to the Debtors' claims and noticing agent is at the election and risk of each Holder of an Equity Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' claims and noticing agent **actually receives** the original executed Ballot.

F-7-6

6.      If multiple Ballots are received from the same Holder of an Equity Interest with respect to the same Equity Interest prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

8.      You must vote the entirety of any Equity Interest either to accept or reject the Plan and may not split your vote for any such Equity Interest.

9.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Equity Interests should not surrender certificates or instruments representing or evidencing their Equity Interests, and neither the Debtors nor the Debtors' claims and noticing agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     This Ballot does not constitute, and shall not be deemed to be (a) a proof of claim or (b) an assertion or admission with respect to an Equity Interest.

11.     Please be sure to sign and date your Ballot.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' claims and noticing agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

12.     If you hold Claims or Equity Interests in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claim(s) or Equity Interests indicated on that Ballot, so please complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE DEBTORS' CLAIMS AND NOTICING AGENT AT:
+1 (888) 733-1521.**

---

**IF THE DEBTORS' CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY
RECEIVE THIS BALLOT ON OR BEFORE JUNE 15, 2016
AT 8:00 P.M. (EASTERN TIME), YOUR VOTE MAY NOT BE COUNTED.**

---

F-7-7

## **EXHIBIT G**

**Cure Notice**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x

In re                                                    :          Chapter 11
                                                         :
PRIMORSK INTERNATIONAL SHIPPING          :          Case No. 16-10073 (MG)
LIMITED, *et al.*,[1]                                      :
                                                         :          Jointly Administered
                                                         :
                                      Debtors.           :

———————————————————— x

<u>**NOTICE OF PROPOSED ASSUMPTION AND CURE AMOUNTS**</u>

          **PLEASE    TAKE    NOTICE**    that    pursuant    to    the    *Order (I) Approving the
Disclosure Statement; (II) Establishing a Voting Record Date for the Plan; (III) Approving
Solicitation Packages and Procedures for the Distribution thereof; (IV) Approving the Forms of
Ballots; (V) Establishing Procedures for Voting on the Plan; (VI) Establishing Notice and
Objection Procedures for Confirmation of the Plan; and (VII) Establishing Notice and Objection
Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases
Under the Plan* (the "<u>Solicitation Procedures Order</u>"),[2] entered by the United States Bankruptcy
Court for the Southern District of New York (the "<u>Court</u>") on April __, 2016 [Docket No. __],
Primorsk International Shipping Limited ("<u>Primorsk</u>") and its affiliated debtors and debtors in

---

[1]      The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification
         numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) –
         m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping
         Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco
         Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited
         (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena",
         Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t
         "Zaliv Vostok".

[2]      Capitalized terms used but not defined in this notice are to be given the meanings ascribed to them in the
         Solicitation Procedures Order.

possession (collectively, the "Debtors") have established procedures (the "Assumption Procedures") to assume the Proposed Assumed Contracts.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A PARTY TO ONE OR MORE OF THE PROPOSED ASSUMED CONTRACTS.**

**PLEASE TAKE FURTHER NOTICE** that the cure amounts due with respect to each Proposed Assumed Contract (the "Cure Amount"), if applicable, is set forth on Schedule 1 attached hereto opposite the title of the applicable contract.  The Debtors believe that any and all defaults (other than the filing of these chapter 11 cases) and actual pecuniary losses under the Proposed Assumed Contracts can be cured by payment of the Cure Amounts.

**IF YOU AGREE WITH THE ASSUMPTION OF YOUR CONTRACT(S) AND THE PROPOSED CURE AMOUNT(S) LISTED IN SCHEDULE 1 WITH RESPECT TO YOUR CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.**

**IF YOU DISAGREE WITH THE ASSUMPTION OF YOUR CONTRACT(S) OR THE PROPOSED CURE AMOUNT(S) LISTED IN SCHEDULE 1 WITH RESPECT TO YOUR CONTRACT(S), YOU HAVE THE RIGHT TO OBJECT TO THE ASSUMPTION OR THE PROPOSED CURE AMOUNT.**

**PLEASE TAKE FURTHER NOTICE** that responses or objections ("Assumption Objections"), if any, to any proposed Cure Amount, the assumption of any Proposed Assumed Contract, adequate assurance of future performance or whether applicable law excuses you from accepting performance by, or rendering performance to, the Reorganized Debtors, must (a) be in writing; (b) state with specificity the nature of such objection and, if disputed, the alleged Cure Amount and any and all defaults that must be cured or satisfied in order for such Proposed Assumed Contract to be assumed (with appropriate documentation in support thereof); (c) comply with the Solicitation Procedures Order, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and (d) be filed electronically with the Court on the docket of *In re Primorsk International Shipping Limited, et al.*, Case No. 16-10073 (MG), in accordance with rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York, and must be served upon each of the following in accordance with the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] entered in these chapter 11 cases:  (i) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (ii) the Debtors and their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and Brian Glueckstein, 125 Broad Street, New York, New York 10004) and (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, so as to be actually received no later than **July 1, 2016 at 4:00 p.m. (Eastern Time)** (the "Assumption Objection Deadline").  A hard copy of any objection also must be delivered via first-class mail to the U.S. Trustee by the Assumption Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that if you file an Assumption Objection satisfying the requirements of the Assumption Procedures set forth in the Solicitation Procedures

SC1:4034711.4

Order, the Debtors shall meet and confer with you in good faith to attempt to resolve any such objection without Court intervention.  If the Debtors determine that your objection cannot be resolved without judicial intervention in a timely manner, the Court shall make all necessary determinations relating to such objection at a hearing which may be held (i) at the Confirmation Hearing or (ii) at such other earlier or later date as the Court may designate.

**PLEASE TAKE FURTHER NOTICE that if you fail to timely file and properly serve an Assumption Objection as provided herein, (i) you will be deemed to have forever waived and released any Assumption Objection and consented to the assumption of all Proposed Assumed Contracts and (ii) you will be barred and estopped forever from asserting or claiming against the Debtors that any additional amounts are due or defaults exist, under such Proposed Assumed Contracts.**

**PLEASE TAKE FURTHER NOTICE** that, if no objections are received by the Assumption Objection Deadline, the assumption of the Proposed Assumed Contracts shall be deemed authorized and the Cure Amounts set forth in <u>Schedule 1</u> shall be binding upon you for all purposes and will constitute a final determination of the total cure amounts required to be paid by the Debtors in connection with the assumption of the Proposed Assumed Contracts.  Counsel for the Debtors may then submit to the Court a form of order, which order may be the Confirmation Order (as defined in the Plan), granting the requested assumption of the Proposed Assumed Contracts.  Upon authorization of the assumption of the Proposed Assumed Contracts, any and all previously filed objections with respect thereto shall be deemed resolved.

**PLEASE TAKE FURTHER NOTICE** that inclusion herein is without prejudice to the Debtors' right to modify their election to assume or to reject any Proposed Assumed Contract prior to the entry of a final, non-appealable order (which order may be the Confirmation Order), or if there is a dispute as of the Effective Date regarding any of the terms or conditions for the assumption of, or cure of defaults under, a Proposed Assumed Contract, the Reorganized Debtors shall have until 30 days after the entry of a final, non-appealable order resolving such dispute to determine whether to (a) proceed with assumption in a manner consistent with such order or (b) reject the Proposed Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Proposed Assumed Contract herein (a) is not a final determination that any Proposed Assumed Contract will, in fact, be assumed, and (b) shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

**PLEASE TAKE FURTHER NOTICE** that the Debtors' assumption of a Proposed Assumed Contract is subject to approval by the Court, confirmation of the Plan and the occurrence of the Effective Date.  Absent the occurrence of the Effective Date and entry of an order approving the assumption of the Proposed Assumed Contracts, the Proposed Assumed Contracts shall not be deemed assumed and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, prior to assumption, nothing herein (i) alters in any way the prepetition nature of the Proposed Assumed Contracts or the validity, priority or amount of any claims you may have against the Debtors that may arise under such Proposed Assumed Contract, (ii) creates a postpetition contract or agreement or (iii) elevates to administrative expense priority any claims you may have against the Debtors that may arise under such Proposed Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except by announcement in open court and/or the filing of notices and/or amended agendas with the Court. Parties-in-interest are encouraged to monitor the electronic court docket and/or the website of the Debtors' claims and noticing agent for further updates.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these chapter 11 cases, may be obtained for a nominal fee from the Court's website, https://ecf.nysb.uscourts.gov, or obtained free of charge by accessing the website of the Debtors' claims and noticing agent, https://www.kccllc.net/primorsk.

Dated: _____, 2016
      New York, New York

    Andrew G. Dietderich
    Brian D. Glueckstein
    Alexa J. Kranzley
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York  10004
    Telephone:    (212) 558-4000
    Facsimile:    (212) 558-3588
    Email:    dietdericha@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

    *Counsel to the Debtors and*
    *Debtors-in-Possession*

G-4

<u>Schedule 1</u>

SC1:4034711.4