Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ─────────────────────────────── x | |
| In re | Chapter 11 |
| PRIMORSK INTERNATIONAL SHIPPING LIMITED, *et al.*,[1] | Case No. 16-10073 (MG) |
|  | Jointly Administered |
| Debtors. | |
| ─────────────────────────────── x | |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER EXTENDING THE
EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

**PLEASE TAKE NOTICE** that on the date hereof, Primorsk International

Shipping Limited and certain of its affiliated debtors and debtors-in-possession (collectively, the

"Debtors"), filed the *Debtors' Motion for an Order Extending the Exclusive Periods During*

*Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* (the

"Motion"). The undersigned counsel will present the Motion to the Honorable Martin Glenn,

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

United States Bankruptcy Court for the Southern District of New York (the "Court") at One Bowling Green, New York, NY 10004, at a hearing to be held on **May 10, 2016 at 3:00 p.m. (ET)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the relief requested in the Motion must be filed electronically with the Court on the docket of *In re Primorsk International Shipping Limited*, *et al.*, Case No. 16-10073 (MG) in accordance with rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York, and must be served upon each of the following in accordance with the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] entered in these chapter 11 cases: (a) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors and their counsel and (c) the Office of the United States Trustee for the Southern District of New York, so as to be actually received no later than **May 3, 2016 at 4:00 p.m. (ET)**.

**PLEASE TAKE FURTHER NOTICE** that only those objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in the entry of a final order granting the relief requested in the Motion without further notice. Failure to attend the Hearing in person or by counsel may result in relief being granted or denied upon default. In the event that no objection to the Motion is timely filed and served, the relief requested in the Motion may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained from the Court's website, https://ecf.nysb.uscourts.gov, for a nominal fee, or obtained free of charge by accessing the website of the Debtors' claims and noticing agent, https://www.kccllc.net/primorsk.

|  |  |
|---|---|
| Dated: April 22, 2016<br>New York, New York | */s/ Andrew G. Dietderich*<br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>Alexa J. Kranzley<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone:   (212) 558-4000<br>Facsimile:   (212) 558-3588<br>Email:   dietdericha@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel to the Debtors and*<br>*Debtors-in-Possession* |

**Hearing Date: May 10, 2016 at 3:00 p.m. (ET)**
**Objection Deadline: May 3, 2016 at 4:00 p.m. (ET)**

Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| PRIMORSK INTERNATIONAL SHIPPING LIMITED, *et al.*,[1] | Case No. 16-10073 (MG) |
| | Jointly Administered |
| Debtors. | |

# DEBTORS' MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Primorsk International Shipping Limited ("Primorsk"), and certain of its affiliated debtors and debtors-in-possession (together with Primorsk, the "Debtors"), after conferring with counsel to the Agents (as defined below), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), extending by 120 days the exclusive periods during which only the Debtors may file a chapter 11

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

plan and solicit acceptances thereof.  Specifically, the Debtors seek to (a) extend the exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") for each Debtor through and including September 12, 2016 and (b) extend the exclusive period to solicit acceptances of a chapter 11 plan of each Debtor (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") through and including November 10, 2016.  In support of the Motion, the Debtors respectfully state as follows:

## Background

1. Primorsk, an international shipping company incorporated in Cyprus, engages in oil transportation using modern ice classed double-hulled product tankers and crude oil tankers.  Primorsk was established in 2004 and is currently a leading shipping tanker company undertaking specialist operations in ice navigation.  Primorsk is the direct parent company of and owns 100% of the equity of each of the Debtor subsidiaries.

2. The Debtors and their non-Debtor affiliates provide global shipping transportation services to customers in the oil sector through the operation of a fleet of nine wholly-owned vessels operated by Primorsk's Debtor subsidiaries.  They charter these vessels to a range of established leading companies and seek to develop and maintain long-term relationships through the provision of safe, reliable and quality transportation services.

3. On January 15, 2016 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code.  Each Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases was authorized by the Court by entry of an order on January 21, 2016.  No creditors' committee, trustee or examiner has been appointed in these chapter 11 cases.

4.  Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Holly Felder Etlin Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions and Applications* [Docket No. 2].

**Facts Specific to the Relief Requested**

5.  The Debtors have made substantial progress in the first three months of these chapter 11 cases, preserving the value of the Debtors' business during the transition to operating in chapter 11 and exploring strategic alternatives for their restructuring in consultation with key stakeholders. Specifically, the Debtors have, among other things:

    a. worked closely with their suppliers, service providers and charter counterparties to minimize the impact of these chapter 11 cases on their day-to-day operations;

    b. negotiated with their prepetition secured lenders regarding the consensual use of cash collateral on both an interim and final basis, and the granting of adequate protection;

    c. prepared and filed their schedules of assets and liabilities and statements of financial affairs;

    d. established a bar date for the filing of prepetition claims and implemented notice procedures approved by the Court; and

    e. prepared a going-concern plan of reorganization and related disclosure statement that, although not consensual with their prepetition secured lenders and subsequently withdrawn, may provide the basis for a consensual deal in the future, in the event some or all of the vessels are retained by a reorganized debtor.

6.  In addition, although the Debtors have made no definitive decision on how to resolve these chapter 11 cases, the Debtors have engaged their stakeholders in substantial discussion regarding various restructuring alternatives, and have determined that it is in the best interests of the Debtors' estates and creditors to pursue a potential sale of the Debtors' nine vessels at this time. The Debtors have proposed and agreed with counsel to the Agents to

3

appoint Clarksons Platou AS ("Clarksons") as the broker in connection with such potential sale. Clarksons' retention as the Debtors' broker was approved by the Court on April 20, 2016. Additionally, on April 19, 2016, the Debtors filed a motion (the "Bidding Procedures Motion") seeking the Court's approval of the Debtors' proposed bid procedures for the marketing and potential sale of some or all of the vessels.

7. The Debtors' proposed marketing process and bid procedures were developed in close discussion with Nordea Bank Norge ASA, in its capacity as agent and security trustee (the "Facility Agent") under that certain secured loan facility agreement, dated January 2, 2008 (as amended from time to time) relating to a $530 million secured loan facility, and BNP Paribas, in its capacity as agent (the "Swap Agent" and together with the Facility Agent, the "Agents") under that certain swap facility agreement, dated June 7, 2011 (as amended from time to time) relating to a $7.5 million swap loan facility. The Debtors also consulted Novatek Gas & Power GmbH, the charterer of seven of the Debtors' nine vessels and the commercial manager of one of the Debtors' vessels, regarding the bid procedures. The Debtors believe that pursuing a sale in accordance with the proposed bid procedures will, at this time, among other things, provide the best opportunity to maximize the value of the Debtors' vessels in a manner that has the support of the Debtors' economic stakeholders.

8. The Debtors believe that the vessels may prove attractive to potential buyers in the product tanker and crude oil tanker industry, and that the sale of the vessels may generate significant proceeds for the benefit of the Debtors' estates. The Debtors thus intend at this time to focus their restructuring efforts on conducting a value-maximizing marketing process and, based on the outcome of the marketing process, will proceed with the development, filing and implementation of an appropriate chapter 11 plan. Clarksons has already commenced the

marketing process, and several interested parties have already executed confidentiality agreements.

9.      The Debtors understand that various parties may be interested in bidding on or financing bids for the Debtors' vessels, including affiliates of certain prepetition secured lenders.  The proposed bid procedures specify that any discretion or decision reserved for the Debtors under the bid procedures shall rest with the chief restructuring officer, reporting directly to the independent directors of Primorsk.  The Debtors believe the independence of the sale process essential to maximizing distributable value.

## Jurisdiction

10.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code.

## Relief Requested

11.     By this Motion, the Debtors seek entry of the Proposed Order, pursuant to section 1121(d) of the Bankruptcy Code, extending (a) the Exclusive Filing Period through and including September 12, 2016 and (b) the Exclusive Solicitation Period through and including November 10, 2016, in each case without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## Basis for Relief

A.      <u>Legal Standard for Extending the Exclusive Periods</u>

12.     Section 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days.  Currently, the

5

Debtors Exclusive Filing Period will expire on May 16, 2016 and the Exclusive Solicitation Period will expire on July 13, 2016.

13. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereon, for cause show, by as much as 18 months (to file a plan) and 20 months (to solicit votes). 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," the legislative history indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231, 232 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191. This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of the case and to then negotiate a plan with its creditors. *See In re Ames Dep't Stores Inc.*, No, 90 B 11233 (JAG), 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

14. The complexity and size of a chapter 11 case may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate a chapter 11 plan. *See*, *e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 325-27 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case alone). In addition, courts consider the following factors in deciding whether "cause" exists to extend a debtor's exclusive periods:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
- the existence of good faith progress toward reorganization;
- the fact that the debtor is paying its bills as they come due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6

- whether the debtor has made progress in its negotiations with creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (listing factors); *In re Lionel L.L.C.*, No. 04-17324, 2007 WL 2261539 at *6 (Bankr. S.D.N.Y. Aug. 3, 2007) (same).

15. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Express One Int'l*, Inc., 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (four factors relevant in determining whether cause exists to extend exclusivity); *Matter of Interco, Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (four factors showed that bondholders' committee failed to show cause to terminate debtors' exclusivity). Courts in this district have routinely granted initial requests to extend exclusivity in complex shipping reorganizations similar to that of the Debtors. *See*, *e.g.*, *In re Excel Maritime Carriers Ltd.,* Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. Dec. 9, 2013) (initial extension of 49 days); *In re General Maritime Corp.,* Case No. 11-15285 (MG) (Bankr. S.D.N.Y. March 15, 2012) (initial extension of 60 days); *see also In re The Great Atlantic and Pacific Tea Co.*, Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011) (RDD) (initial extension of 142 days); *In re Chemtura Corp.*, Case No. 09-11233 (REG) (Bankr. S.D.N.Y. July 28, 2009) (initial extension of 120 days).

B.     Cause Exists to Extend the Exclusive Periods

16.    As discussed in detail below, the facts and circumstances of these chapter 11 cases satisfy the factors described above and demonstrate that sufficient cause exists to grant the Debtors' requested extension of the Exclusive Periods.

  a.     *These Chapter 11 Cases are Complex; Additional Time Is Needed*

17.    These chapter 11 cases involve ten Debtors and the restructuring of hundreds of millions of dollars in secured and unsecured funded debt. The Debtors' business is a complex international enterprise involving nine vessels calling at ports all over the world. Administering these chapter 11 cases therefore requires the Debtors to coordinate with creditors, vendors, charter counterparties and other stakeholders located throughout the world, many of whom have limited or no experience doing business with a chapter 11 debtor. The potential sale of some or all of the Debtors' vessels is likely to involve extensive negotiations and discussions with numerous potential purchasers based overseas, through a specialized marketing process. Given these intricacies, the complexity of these chapter 11 cases weighs in favor of granting the Debtors' requested extension.

  b.     *The Debtors are Progressing in Good Faith Towards Reorganization*

18.    Exclusivity also provides a debtor with a full and fair opportunity to rehabilitate its business and negotiate, develop, propose and, ultimately, confirm and consummate a chapter 11 plan. In the three months since the Debtors commenced these chapter 11 cases, the Debtors believe they have made significant progress in good faith towards achieving this goal. While working to stabilize their global business and develop a business plan for their ongoing operations during these chapter 11 cases, the Debtors have been in frequent discussions with the Agents and their other stakeholders regarding the best path forward for the

restructuring of the Debtors' estates. Based on these discussions, the Debtors have decided to pursue a sale of some or all of their vessels, as detailed in the Bidding Procedures Motion. At this time, the Debtors expect to pursue a chapter 11 plan based on the disposition of the vessels, or an alternate consensual plan developed through further good faith discussions with the Agents as well as other stakeholders.

        c.    *The Debtors Are Paying Their Bills as They Become Due*

19.    The Debtors have been paying their undisputed postpetition bills as they become due. Moreover, the Debtors continue to generate positive cash flow every month and have maintained their prepetition business relationships with their critical vendors. This ensures that the Debtors will continue to meet their ongoing postpetition obligations, and that the requested extension of the Exclusive Periods will not jeopardize the rights of any creditors or other parties doing business with the Debtors during these chapter 11 cases.

        d.    *The Debtors Have Reasonable Prospects for Filing a Viable Plan*

20.    The Debtors are confident that the marketing and sale process of their vessels will ultimately form the basis for a viable chapter 11 plan. The Debtors have the financial, management and advisory resources to develop, negotiate and prosecute a viable chapter 11 plan and are committed to working with their key stakeholders in order to ensure consensus. The Debtors currently expect to file a chapter 11 plan either during or promptly after the conclusion of the sale process for the Debtors' vessels.

        e.    *The Debtors Have Made Progress in Negotiations with Creditors*

21.    Since the Petition Date, the Debtors have been in frequent discussions with counsel to the Agents, as representatives of the Debtors' prepetition secured lenders, regarding developments in these chapter 11 cases. Among other things, the Debtors and the

Agents have successfully negotiated the terms of interim and final orders authorizing the Debtors to use cash collateral. Pursuant to the Debtors' amended and restated cash collateral order, entered on April 6, 2016 [Docket No. 132], the Debtors have provided their prepetition secured lenders access to the Debtors' financial information, including 13-week cash flow projections, monthly financial reports, and prior notice of disbursements.

22.  The Debtors' proposed bid procedures in connection with the potential disposition of the vessels have been developed by the Debtors with the input of the Agents, and provide for consultation with the Agents during the sale process. The Agents will have the right to review bid information and will be consulted regarding the designation of qualified bids, the establishment of auction procedures, and the selection of the successful bidder for the vessels. The Debtors expect that they will continue to have a positive working relationship with the Agents as well as their other key stakeholders as they conduct the sale process and proceed toward the resolution of these chapter 11 cases.

    f.    *Very Little Time Has Elapsed in These Chapter 11 Cases*

23.  The Debtors' request for an extension of the Exclusive Periods is the Debtors' first and comes slightly more than three months after the Petition Date. As discussed above, during these three months, the Debtors accomplished a great deal. The Debtors anticipate that, with the requested 120 day extension of the Exclusive Period, they will be able to continue their progress, pursue a potential sale of some or all of their vessels, and take further steps toward a successful reorganization.

    g.    *The Debtors Are Not Seeking an Extension to Pressure Creditors*

24.  The Debtors' request to extend the Exclusive Periods is not intended to maintain leverage over a group of creditors whose interests are being harmed by the chapter 11

cases. The Debtors continue to work closely with counsel to the Agents to explore the sale of the vessels, and intend to work with the Agents to develop a consensual chapter 11 plan.

### Notice

25. No creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Facility Agent; (c) counsel to the Swap Agent; (d) counsel to the agent for the Debtors' prepetition bonds; (e) the parties identified on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (f) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### No Prior Request

26. No prior motion for the relief requested herein has been made to this or any other Court.

SC1:4090647.3

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:  April 22, 2016
        New York, New York

/s/ Andrew G. Dietderich
Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588
Email:         dietdericha@sullcrom.com
               gluecksteinb@sullcrom.com
               kranzleya@sullcrom.com

*Counsel to the Debtors and Debtors-in-Possession*

# EXHIBIT A

# Proposed Order

SC1:4090647.3

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x
: 
In re : Chapter 11
:
: Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING :
LIMITED, *et al.*,[1] : Jointly Administered
:
Debtors. :
:
———————————————————————— x

**ORDER EXTENDING THE EXCLUSIVE PERIODS
DURING WHICH ONLY THE DEBTORS MAY FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion")[2] of Primorsk International Shipping Limited, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") extending by 120 days (a) the exclusive period of time during which only the Debtors may file a plan of reorganization (the "Exclusive Filing Period") through and including September 12, 2016, and (b) the period of time during which only the Debtors may solicit acceptances of a plan of reorganization (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including November 10, 2016; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

SC1:4090647.3

therein has been provided in accordance with the Bankruptcy Rules, the Local Rules and the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

        IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is hereby extended through and including September 12, 2016, and the Exclusive Solicitation Period is hereby extended through and including November 10, 2016.

3. This Order is without prejudice to the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The requirements set forth in Local Rule 9013-1(b) are satisfied.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: May \_\_\_, 2016
    New York, New York

Martin Glenn
United States Bankruptcy Judge

SC1:4090647.3