**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                         :  Chapter 11
:
:  Case No. 16-10073 (MG)
PRIMORSK INTERNATIONAL SHIPPING                                :
LIMITED, *et al.*,[1]                                          :  Jointly Administered
:
:
                                                      Debtors. :
:
---------------------------------------------------------------x

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING A
VOTING RECORD DATE FOR THE PLAN; (III) APPROVING SOLICITATION
PACKAGES AND PROCEDURES FOR THE DISTRIBUTION THEREOF;
(IV) APPROVING THE FORMS OF BALLOTS; (V) ESTABLISHING PROCEDURES
FOR VOTING ON THE PLAN; AND (VI) ESTABLISHING NOTICE AND
OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN**

Upon the Motion[2] of Primorsk International Shipping Limited, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 1125 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1, 3018-1 and 3020-1, (i) approving the *Disclosure Statement for the Debtors' Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement"); (ii) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of Liquidation of Primorsk International Shipping Limited and its Debtor Affiliates* (as may be amended,

---

[1] The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Primorsk International Shipping Limited (Cyprus), Boussol Shipping Limited (Cyprus) (6402) – m/t "Zaliv Amerika", Malthus Navigation Limited (Cyprus) (6401) – m/t "Zaliv Amurskiy", Jixandra Shipping Limited (Cyprus) (6168) – m/t "Prisco Alexandra", Levaser Navigation Limited (Cyprus) (0605) – m/t "Prisco Ekaterina", Hermine Shipping Limited (Cyprus) (0596) – m/t "Prisco Irina", Laperouse Shipping Limited (Cyprus) (0603) – m/t "Prisco Elizaveta", Prylotina Shipping Limited (Cyprus) (6085) – m/t "Prisco Elena", Baikal Shipping Ltd (Liberia) (6592) – m/t "Zaliv Baikal" and Vostok Navigation Ltd (Liberia) (1745) – m/t "Zaliv Vostok".

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

1

modified or supplemented, the "Plan"); (iii) approving solicitation packages and procedures for the distribution thereof; (iv) approving the forms of ballots; (v) establishing procedures for voting on the Plan; and (vi) establishing notice and objection procedures relating to the confirmation of the Plan; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, the *Administrative Order Establishing Case Management Procedures* [Docket No. 71] (the "Case Management Order") and the *Order Shortening Notice With Respect to the Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Establishing a Voting Record Date for the Plan; (III) Approving Solicitation Packages and Procedures for the Distribution Thereof; (IV) Approving the Forms of Ballots; (V) Establishing Procedures for Voting on the Plan; and (VI) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. 239] and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion (the "Disclosure Statement Hearing"); and upon the record of the Disclosure Statement Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

1. <u>Disclosure Statement</u>. The Disclosure Statement (together with the exhibits thereto) provides Holders of Claims entitled to vote on the Plan with adequate information in accordance with section 1125(b) of the Bankruptcy Code and otherwise complies with the applicable requirements of section 1125 of the Bankruptcy Code.

2. <u>Solicitation and Confirmation Schedule</u>. The Debtors' proposed schedule and procedures relating to solicitation of votes on the Plan and confirmation of the Plan, as set forth herein, provides parties-in-interest with sufficient time to review and consider all solicitation materials, including the Plan, the Disclosure Statement, the Plan Supplement, if any, and other information and materials relating to confirmation of the Plan, provides Holders of Claims with sufficient time, prior to the Confirmation Hearing, to make an informed judgment to accept or reject the Plan, and provides all parties-in-interest in these chapter 11 cases with sufficient time to object to confirmation of the Plan.

3. <u>Ballots and Voting and Tabulation Procedures</u>. The Voting and Tabulation Procedures set forth in the Motion, and the Ballots substantially in the forms attached to the Motion as <u>Exhibit G</u> and accompanying instructions, in each case, adequately address the circumstances of these chapter 11 cases and provide for a fair and equitable voting process appropriate for Holders of Claims in Classes 3A, 3B and 3C that are entitled to vote on the Plan (the "<u>Voting Classes</u>"). The Ballots are consistent with Official Bankruptcy Form No. 314 and comply with Bankruptcy Rule 3018(c). Ballots need not be provided to Holders of Claims in Classes 1 and 2, which are classified as unimpaired under the Plan and are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. Ballots also need not be provided to Holders of Claims in Class 4 and Holders of Equity Interests in Class 5,

3

as such Holders are not receiving any distributions under the Plan and are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

        4.        <u>Distribution Procedures and Unimpaired Creditor Notice</u>.  The proposed Distribution Procedures set forth in the Motion, including the delivery of the Solicitation Package to Holders of Claims in Voting Classes, the delivery of the notice substantially in the form attached to the Motion as <u>Exhibit D</u> (the "<u>Unimpaired Creditor Notice</u>") to Holders of Claims in Classes 1 and 2, and the delivery of the notice substantially in the form attached to the Motion as <u>Exhibit E</u> (the "<u>Non-Voting Creditor Notice</u>") to Holders of Claims in Class 4 and Holders of Equity Interests in Class 5 provide sufficient information relating to the relief granted by this Order, in accordance with Bankruptcy Rule 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

        5.        <u>Confirmation Hearing Notice</u>.  Service of notice of the date, time and location of the Confirmation Hearing, the deadline for objecting to confirmation of the Plan and information regarding the discharge, injunction, exculpation and release provisions set forth in Article 9 of the Plan, substantially in the form attached to the Motion as <u>Exhibit C</u> (the "<u>Confirmation Hearing Notice</u>"), pursuant to the Distribution Procedures and as otherwise set forth in the Motion, constitutes good and sufficient notice of the Confirmation Hearing to Holders of Claims and in Voting Classes and other parties-in-interest in these chapter 11 cases, in satisfaction of the requirements of due process and in accordance with Bankruptcy Rules 2002(b) and 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

    IT IS THEREFORE HEREBY ORDERED THAT:

        1.        The Motion is GRANTED as set forth herein.

A. Approval of the Disclosure Statement

2. The Disclosure Statement is approved pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and, to the extent not withdrawn, settled or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled.

B. Establishment of Schedule for Solicitation and Confirmation

3. The following dates and deadlines are hereby established with respect to solicitation of votes on the Plan and confirmation of the Plan:

   a. **August 23, 2016 at 4:00 p.m. (Eastern Time)** shall be the record date for purposes of determining: (a) the Holders of Claims entitled to receive a Solicitation Package; (b) the Holders of Claims entitled to vote on the Plan; and (c) whether Claims or Equity Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim (the "Voting Record Date");

   b. The Debtors shall distribute the Solicitation Packages, the Unimpaired Creditor Notice and Confirmation Hearing Notice to Holders of Claims on **August 26, 2016** (the "Solicitation Mailing Deadline");

   c. All Holders of Claims entitled to vote on the Plan must complete, execute and return their Ballots so that they are **actually received** by KCC pursuant to the Voting and Tabulation Procedures, on or before **September 13, 2016 at 8:00 p.m. (Eastern Time)** (the "Voting Deadline");

   d. **September 13, 2016 at 4:00 p.m. (Eastern Time)** shall be the date by which objections to the Confirmation of the Plan must be filed with this Court and served so as to be **actually received** by the Notice Parties (the "Confirmation Objection Deadline");

   e. **September 15, 2016** shall be the deadline to file the Voting Report; and

   f. This Court shall consider the confirmation of the Plan at a hearing to be held on **September 20, 2016 at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing").

5

C. Approval of Solicitation Packages, Distribution Procedures, Unimpaired Creditor Notice and Non-Voting Creditor Notice

4. The Distribution Procedures are hereby approved as set forth herein. On or before the Solicitation Mailing Deadline, the Debtors shall cause KCC to distribute a solicitation package to each Holder of a Claim in the Voting Classes, containing the following materials (collectively, the "Solicitation Package"), which are hereby approved:

   a. a cover letter, substantially in the form attached to the Motion as Exhibit B: (i) describing the contents of the Solicitation Package, the contents of the enclosed CD-ROM and instructions for obtaining hard copies of materials provided on CD-ROM, and (ii) informing the Holders of the Debtors' recommendation to accept the Plan;

   b. a printed copy of the Confirmation Hearing Notice;

   c. an appropriate Ballot (as defined below), together with a pre-addressed, postage prepaid return envelope for submitting such Ballot;

   d. the Disclosure Statement (together with all exhibits thereto, including the Plan and all exhibits to the Plan) in electronic format on a CD-ROM; and

   e. a copy of this Order (without exhibits) in electronic format on a CD-ROM.

5. Any party that has filed duplicate proofs of claim which are classified under the Plan in the same Class, whether against the same Debtor or multiple Debtors, shall receive only one Solicitation Package for voting the relevant Claim with respect to such Class.

6. No Solicitation Packages shall be distributed to any person to whom the Debtors have mailed a notice of the Disclosure Statement Hearing, if such notice has been returned as undeliverable, except to the extent the Debtors are provided with accurate addresses for the applicable parties prior to the Solicitation Mailing Deadline.

7. The Debtors shall, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies: (a) through the Debtors' restructuring website at www.kccllc.net/primorsk or (b) in

writing to: Primorsk Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

8. Holders of Claims in Classes 1 and 2, which are conclusively presumed to have accepted the Plan, shall receive the Unimpaired Creditor Notice, which is hereby approved.

9. Holders of Claims in Class 4 and Holders of Equity Interests in Class 5, which are conclusively presumed to have rejected the Plan, shall receive the Non-Voting Creditor Notice, which is hereby approved.

10. The Debtors are hereby authorized to modify the Disclosure Statement, the Plan and the Ballots and other related documents approved pursuant to this Order, without further order of this Court, at any time before distributing Solicitation Packages in accordance with this Order, <u>provided</u> that such modifications are not material as determined by the Debtors in good faith. The Debtors shall file a notice of any such modification with this Court, together with a marked version reflecting such modification.

D. Approval of Forms of Ballots and Voting and Tabulation Procedures

11. The Ballots are hereby approved.

12. The Debtors are authorized to solicit, receive and tabulate votes on the Plan in accordance with the Voting and Tabulation Procedures, which are hereby approved as set forth herein.

13. The following voting procedures and standard assumptions in tabulating Ballots are hereby approved:

    a. <u>Votes Not Counted</u>. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

        i. any Ballot received by KCC after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

    ii.    any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

    iii.    any Ballot cast by a person or entity that (A) does not hold a Claim in a Class that is entitled to vote on the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

    iv.    any Ballot sent to the Debtors or the Debtors' financial or legal advisors, agents or representatives (other than KCC);

    v.    any unsigned Ballot;

    vi.    any Ballot not received in its executed, original form;

    vii.    any Ballot that is received by KCC by facsimile or other means of electronic transmission; or

    viii.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b. <u>Multiple Ballots</u>. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest dated Ballot received by the Voting Deadline shall be counted for voting purposes, subject to contrary order of the Court; <u>provided</u>, <u>however</u>, that where ambiguity exists with respect to which Ballot was the latest dated, KCC has the right to determine the appropriate tabulation of such Ballot and to contact the respective Holder to determine such Holder's intent in connection therewith.

c. <u>No Vote Splitting</u>. All Claims must be voted in their entirety to either accept or reject the Plan.

d. <u>Ballots Signed by Representative</u>. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney in fact or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing the Ballot. The Debtors may request proper evidence of such representative's authority to sign the Ballot.

e. <u>Defective Ballots</u>. Subject to contrary order of this Court, the Debtors may, in their sole discretion, waive any defects or irregularities as to any particular Ballot at any time (including the timeliness of the submission of a Ballot), either before or after the Voting Deadline; <u>provided</u>, <u>however</u>, that:

    i.    any such waivers shall be documented in the voting reports completed by KCC;

8

    ii. neither the Debtors, nor any other person or entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the voting reports prepared by KCC, nor will any of them incur any liability for failure to provide such notification; and

    iii. unless waived by the Debtors, subject to contrary order of this Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will <u>not</u> be counted.

  f. <u>Lack of Good Faith Designation</u>.  In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, this Court shall determine whether any vote to accept or reject the Plan will be counted for purposes of determining whether the Plan has been accepted or rejected by the applicable person or entity.

 E. Approval of Notice and Objection Procedures for Confirmation of the Plan

  14. The Confirmation Hearing Notice is hereby approved.

  15. On or before the Solicitation Mailing Deadline and simultaneously with the distribution of the Solicitation Packages, the Debtors shall serve the Confirmation Hearing Notice on:  (a) the U.S. Trustee; (b) all known creditors; (c) all equity security holders; (d) the Internal Revenue Service; (e) counsel to the agent for the Debtors' prepetition secured lenders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman); (f) counsel to the agent for the Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New York, New York 10036 (Attn: Michael Luskin); (g) counsel to the agent for and the ad hoc group of the Debtors' prepetition bondholders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Douglas Bartner); (h) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; and (i) all parties who have filed a notice of appearance and request for service of documents pursuant to the Case Management Order, in each case only to the extent such parties have not otherwise been served with the Confirmation Hearing Notice pursuant to this Order.

16. Any objection to confirmation of the Plan must: (a) be in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by the objector against the particular Debtor or Debtors, (d) state the basis and the specific grounds therefor and (e) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following (collectively, the "Notice Parties") no later than the Confirmation Objection Deadline of **September 13, 2016 at 4:00 p.m. (Eastern Time)**: (i) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (ii) the Debtors and their counsel (Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich and Brian Glueckstein, 125 Broad Street, New York, New York 10004); and (iii) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014. A hard copy of any objection also must be delivered via first-class mail to the U.S. Trustee by the Confirmation Objection Deadline.

F. Approval of Notice of Filing of the Plan Supplement

17. The Plan Supplement, if any, shall be filed by the Debtors no later than **August 26, 2016** (the "Plan Supplement Filing Deadline"). The Plan Supplement Notice in the form attached to the Motion as Exhibit F is hereby approved. If the Debtors file a Plan Supplement, on or before the Plan Supplement Filing Deadline, the Debtors shall serve the Plan Supplement Notice on: (a) the U.S. Trustee; (b) counsel to the agent for the Debtors' prepetition secured lenders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman); (c) counsel to the agent for the Debtors' prepetition swap lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New York, New York 10036 (Attn: Michael Luskin); (d) counsel to the agent for and the ad hoc group of the Debtors' prepetition bondholders, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022

10

(Attn: Douglas Bartner); (e) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (f) all parties who have filed a notice of appearance and request for service of documents pursuant to the Case Management Order and (g) those parties receiving the Solicitation Package. Such service of the Plan Supplement Notice shall constitute good and sufficient notice of the filing of the Plan Supplement.

G. Other

18. The Debtors and KCC are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

19. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party-in-interest, as applicable, to object to a proof of claim after the Voting Record Date.

20. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order.

21. The requirements set forth in Local Rule 9013-1(b) are satisfied.

22. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

[*REMAINDER OF PAGE INTENTIONALLY BLANK*]

23. This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:   August 23, 2016
         New York, New York

                                          **_/s/Martin Glenn_**
                                          MARTIN GLENN
                                United States Bankruptcy Judge